**William Ray CORBEAN, a minor, by William Charles Corbean, his father and next friend, Plaintiff-Appellant,**

**v.**

**XENIA CITY BOARD OF EDUCATION, Defendant-Appellee.**

No. 16739.

United States Court of Appeals
Sixth Circuit.

Sept. 13, 1966.

---

Victor F. Schmidt, Columbus, Ohio, for appellant.

James Q. Doran, Cincinnati, Ohio, for appellee, Philip Aultman, Xenia City Sol., Timothy S. Hogan, Cincinnati, Ohio, of counsel.

Before O'SULLIVAN and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Claiming that while attending a public school under the control of defendant-appellee, Xenia City Board of Education, he was injured through negligence of the school employees, plaintiff-appellant William Ray Corbean, by his next friend, brought suit against the Board for damages in an Ohio Common Pleas Court. Because the operation of the school was a governmental function, the defense of governmental immunity was sustained and plaintiff's action was dismissed. In the Ohio courts, plaintiff asserted that the enforcement of Ohio's governmental immunity doctrine was a deprivation of rights guaranteed him by the Fourteenth Amendment to the United States Constitution, and offended Ohio's statutes and constitution. The judgment

of dismissal was affirmed by the Ohio Court of Appeals and motion to certify was denied by the Supreme Court of Ohio.

The action before us was then commenced in the United States District Court for the Southern District of Ohio, Western Division. Federal jurisdiction was asserted by labeling the action one to redress deprivation of plaintiff-appellant's civil rights. 28 U.S.C.A. 1343(3). The District Judge sustained the Board of Education's motion to dismiss, stating:

"This Court cannot say that the State of Ohio has violated any of plaintiff's constitutional rights because it applied the doctrine of governmental immunity to plaintiff's case. There is no federal question involved. Nor can this Court find jurisdiction under the above quoted Civil Rights Statute. Accordingly, the defendant's motion to dismiss is SUSTAINED."

It is the law of Ohio that a school board, when discharging a governmental function, is protected from tort liability by the doctrine of soverign immunity, Finch v. Board of Education, 30 Ohio St. 37 (1876); Board of Education of Cincinnati v. Volk, 72 Ohio St.

469, 74 N.E. 646 (1905), and it applies such rule generally to municipal corporations. City of Wooster v. Arbenz, 116 Ohio St. 281, 156 N.E. 210, 52 A.L.R. 518 (1927); Eversole v. City of Columbus, 169 Ohio St. 205, 158 N.E.2d 515 (1959). The decisions of the Ohio Courts in this litigation reaffirmed adherence to the doctrine of sovereign immunity, and found it applicable here. We follow Ohio law in this tort action unless such Ohio law offends federal law or the United States Constitution. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398 (1945); Madden v. Commonwealth of Kentucky, 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590 (1940). We have held that Ohio's doctrine of sovereign immunity has not been abrogated by the Civil Rights Acts. Cuiksa v. City of Mansfield, 250 F.2d 700, 703 (CA 6, 1957).

Appellant urges that we here apply the rule of those states which have cast out the sovereign immunity doctrine. It will be for Ohio to determine whether it desires to do so.

Judgment affirmed.