HALL ET AL., APPELLANTS, *v.* COLUMBUS BD. OF EDN. ET AL., APPELLEES.

(Nos. 72AP-2 and 72AP-51—Decided May 2, 1972.)

*Mr. Joseph J. Murphy,* for appellants.

*Mr. James J. Hughes, Jr.,* city attorney, and *Mr. James R. Kirk,* for appellee Columbus Bd. of Education.

*Messrs. Williams, Murray, Deeg & Ketcham,* for appellees Harold H. Eibling, Cleo Dumaree and Marilyn Foreman.

STRAUSBAUGH, J. This is an appeal from orders of the Franklin County Court of Common Pleas dismissing defendants from this action, and ruling that Marilyn Foreman need not answer plaintiffs' interrogatories.

Plaintiffs' complaint alleges that at 12:55 p. m., April 23, 1969, the plaintiff, a pupil at an elementary school oper-

ated by defendant Columbus Board of Education "* * * was injured by the negligence of defendants when he fell from the top of a slide-board on the playground at the Dana Avenue Elementary School * * * striking the blacktop surface beneath said slide with his head and right ear."

Plaintiffs' complaint further alleges:

"* * * The Dana Avenue Elementary School was and is a part of the Columbus Public School System, operating under the supervision, direction and control of the defendant Columbus Board of Education and that plaintiff Kevin Hall was enrolled in the Columbus Public School system and was a student in said Dana Avenue Elementary School, of which school defendant Marilyn R. Foreman was the Principal * * *.

"* * *

"* * * that at all times set forth herein, defendant Harold H. Eibling was and is the Superintendent of the Columbus Public School system, employed by defendant Columbus Board of Education; defendant Cleo Dumaree was and is the Assistant Superintendent of the Columbus Public School system and an employee of defendant Columbus Board of Education; that defendant Marilyn R. Foreman was and is the Principal of said Dana Avenue Elementary School, and an employee of defendant Columbus Board of Education.

"* * *

"Fourth Claim

"* * *

"2. Said plaintiff states that at all times herein defendant David E. Jones was the architect for the defendant Columbus Board of Education and that he and/or his agents or employees and/or agents, servants and employees of the defendant Columbus Board of Education, who were then and there acting within the course and scope of their employment, negligently designed the playground at said school including the installation of said defective and dangerous slide-board in its place over a hard asphalt surface and allowed such defectively planned and constructed playground to continue in operation after its de-

fective and dangerous features were obvious, known or in the exercise of reasonable care, would have been known. "* * *

"Seventh Claim
"* * *

"2. Said plaintiff states that at all times herein, defendant Robert Fisher was Senior Building Inspector of the City of Columbus, Ohio and defendant Columbus Board of Education, and that he and/or his agents or employees and/or agents, and employees of defendant City of Columbus, Ohio and defendant Columbus Board of Education acting within the course and scope of their employment and subject to the supervision, control and direction of the defendants herein failed to inspect and evaluate the said playground, which inspection and evaluation would have disclosed the defective design and construction of said playground; that because of such omissions said playground continued to constitute a trap and a hazard for the plaintiff.

"Eighth Claim
"* * *

"2. Said plaintiff states that defendant City of Columbus and defendant Columbus Board of Education in permitting said defectively designed and constructed playground to exist at the times set forth herein allowed an inherently dangerous condition to exist and to continually exist so that it was a public nuisance."

The record shows that on January 3, 1972, the plaintiffs filed their notice of appeal from the December 23, 1971, order of the Common Pleas Court dismissing defendants Harold Eibling, Cleo Dumaree and Marilyn Foreman and ordering that defendant Marilyn Foreman need not answer interrogatories. This appeal is docketed as No. 72AP-2. The record further shows that on February 3, 1972, plaintiffs filed their notice of appeal from the February 2, 1972, orders of the Common Pleas Court dismissing defendants the Columbus Board of Education, Dr. Watson H. Walker, Mrs. Virginia Prentice, Thomas J. Moyer, Mrs. Barbara Levenson, the City of Columbus, Ohio, Frederick J. Simon,

James J. Hughes, David E. Jones, Donald E. Calhoun, Jr., Paul R. Langdon, Robert E. Ramsey, Dr. David D. Hamler, Edward Sloan and Frank S. Williams.

Plaintiffs' assignment of error states:

"The orders of the Common Pleas Court dismissing defendant The Columbus Board of Education, Marilyn Foreman, Cleo Dumaree and Harold Eibling as parties to the case should be reversed because of the errors therein, to-wit:

"I. They are contrary to law."

Plaintiffs argue that sovereign immunity is not a defense in this case, but if sovereign immunity is a defense it may only be asserted by the defendant Columbus Board of Education and is not a defense available to defendants Foreman, Dumaree and Eibling.

Although defendants other than defendants Columbus Board of Education and defendants Foreman, Dumaree and Eibling were dismissed by the order of the Common Pleas Court from which these appeals were taken, the plaintiffs by their assignment of error are claiming error as to the dismissal of the four above mentioned defendants. For this reason, the court will address itself and deal only with the defendants mentioned in plaintiffs' assignment of error.

The general rule in Ohio is that since a citizen cannot sue the state without its consent except by legislation, its agent, the board of education of a school district, cannot be sued without such consent. The Supreme Court stated in *Board of Edn.* v. *Volk* (1905), 72 Ohio St. 469, at page 485:

"As the citizen cannot sue the state without its consent, expressed by legislation, its agents, the boards of education cannot be sued and made liable for damages without consent of the sovereign, expressed by pertinent legislation. Such legislation exists as to contracts made within the scope defined, but it does not extend to official misconduct, negligence or want of care."

Prior to that case, in *Finch* v. *Board of Education* (1876), 30 Ohio St. 37, the court held that a board of education is not liable for damages for an injury, resulting to a

pupil while he was attending a common school, caused from its negligence in the discharge of its official duties in the erection and maintenance of a common school building under its charge in the absence of a statute creating a liability.

Boards of education are public agencies of the state established for the sole purpose of administering the state system of public education, and in the performance of their authorized duties or functions they take on a purely public or governmental character. They are entitled to the same degree of tort immunity with which the state itself is clothed. There is no question, in this respect, as to whether they are exercising governmental or proprietary functions. They are exercising only governmental functions. There is no distinction, with regard to their tort immunity, between duties or functions which are mandatory in character and those which are discretionary or optional. 48 Ohio Jurisprudence 2d 159, Schools, Section 247. We find that in the absence of legislative consent the Columbus Board of Education is immune from suit because it is a governmental agency of the state.

An examination of cases cited by plaintiffs in their brief, *Wooster* v. *Arbenz* (1927), 116 Ohio St. 281, *Eversole* v. *Columbus* (1959), 169 Ohio St. 205, and *Hack* v. *Salem* (1963), 174 Ohio St. 383, reveals questions concerning proprietary or ministerial undertakings of municipalities. Such questions are not involved in this case.

In a case in which a similar argument was made—that counties should be liable in tort to the same extent as municipal corporations—the Supreme Court, in *Schaffer* v. *Board of Trustees* (1960), 171 Ohio St. 228, said, at page 230:

"* * * In this regard, plaintiff fails to recognize that a county is a subdivision of the state, organized for judicial and political purposes. It is not a legal person or a separate political entity. A municipal corporation, on the other hand, is a corporation invested with certain powers of a private or proprietary nature. * * *"

Judge Whiteside stated in *Thacker* v. *Bd. of Trustees of Ohio State Univ.* (1971), 31 Ohio App. 2d 17.

"While it may be argued that no rational basis exists for distinguishing between municipal corporations, other political subdivisions, and the state itself, with respect to imposing liability for acts performed in a proprietary capacity and not imposing liability with respect to acts performed in a governmental capacity, especially in view of Article XVIII of the Ohio Constitution, this court must, regardless of its own views, apply the law announced by the Supreme Court of Ohio, which has clearly made the distinction. * * *"

There is also the general rule that school and school district officers are not liable for torts committed by them in the performance of duties involving the exercise of judgment and discretion, nor are they liable for the negligence of their employees in the absence of any statutory provision imposing such a liability. School officials, teachers and employees are liable for malicious or deliberate harm or injury to other persons. 48 Ohio Jurisprudence 2d 163, Schools, Section 249.

School officers are not individually responsible for the negligence of their employees in the discharge of their duties. Likewise, there is no individual liability for injuries resulting from defects in the school premises caused by the negligence of persons employed by officers having the duty to keep such premises in repair. 57 American Jurisprudence 2d 106, Municipal Tort Liability, Section 94.

There have been holdings, especially in other states, that there is no such immunity of school officers where they fail to perform a ministerial duty or are guilty of fraud or false representation. However, there is no such allegation in this case against any of the four defendants. There is no doubt that school officers, acting within the scope of their duties, may not be held responsible for mistakes of law or judgment. The complaint herein does nothing more than to make such an allegation in broad generalities, if it does that.

In this case, under the allegations of the complaint, we find no charges of malicious or deliberate harm or of fraud or false representation or of a failure to perform a

ministerial duty against the individual defendants named in plaintiffs' assignment of error. Therefore, in the absence of any statutory provision imposing liability, such individual school officials cannot be held liable for torts allegedly committed by them in the performance of their duties, and they are not liable for any alleged negligence of their employees. Plaintiffs' assignment of error is overruled. The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

TROOP, P. J., and REILLY, J., concur.