SALYERS ET AL., APPELLANTS, v. BURKHART ET AL.,
APPELLEES.

[Cite as Salyers v. Burkhart (1974), 47 Ohio App. 2d 90.]

(No. 12-74-3—Decided September 19, 1974.)

*Messrs. Weaner, Hutchinson, Zimmerman & Bacon,* for appellants.
*Messrs. Schroeder & Schroeder,* for appellees.

COLE, J. This is an appeal from a judgment of the trial court which granted a motion by defendants, the appellees, to dismiss the complaint of plaintiffs, the appellants, on the ground that the complaint failed to state a claim upon which relief may be granted. The record before us consists solely, then, of the complaint itself, the two motions and the judgment entry granting the two motions. Briefly, the complaint alleges that the defendant Burkhart

was employed by defendant board of education, and while acting in the scope of his employment, on November 11, 1971, was conducting an adult education course on welding; that plaintiff McArthur Salyers was a member of that class; that on that date the defendants negligently permitted this plaintiff to weld when the premises and/or equipment were unsafe and an explosion occurred injuring plaintiff; and that "defendants failed to warn plaintiff of the dangerous condition that existed." Allegations as to injuries, loss of earnings and loss of consortium followed.

The trial court found that these allegations failed to state a claim upon which relief could be granted; viz "the defendant, David Burkhart, did not act maliciously or deliberately to harm or injure defendant and was acting in the performance and within the scope of his employment involving the exercise of judgment and discretion and is not liable for tort; that the defendant, the Continental Local School District, was performing a governmental function and therefore, in the absence of legislative consent, is immune from tort liability."

We have recently considered the problem concerning a motion to dismiss where the ground alleged is that there is presented no claim for which relief may be granted. In *Stephens* v. *Boothby* (1940), 40 Ohio App. 2d 197, we held that under the Rules of Civil Procedure the complaint need not necessarily state facts constituting a cause of action. All that is needed is "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." Civil Rule 8(A).

"Thus, unless reference is had to matters beyond the face of the complaint it must *affirmatively* appear from those items actually set forth that there can be no set of facts which might entitle the plaintiff to the relief he requests." *Stephens* v. *Boothby, supra* at 199.

Where the court turns the motion to dismiss into a motion for summary judgment as it may do, the particular set or sets of facts constituting the claim for relief are examined as to their legal sufficiency. However, if a conflict of fact exists, then that motion also must be denied.

Here, we are then concerned solely with the initial question as to whether the complaint affirmatively shows that no set of facts can be sufficient to constitute a legally sufficient cause of action.

In the recent case of *Scheuer* v. *Rhodes* (1974), 416 U. S. 232, it is said at 236:

" 'In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "

This test must, in the present case, be applied to each defendant for the principles governing the tort liability of school boards are not necessarily the same as the tort liability of teachers employed by such boards.

I. As to defendant Continental Local School District:

It is specifically set forth in the complaint that the defendant Burkhart was employed by this school board. The members of the board are not sued individually; the school board as an entity is the defendant and the appellant seeks to charge it with liability under the doctrine of respondeat superior. There is further no question that the school board was, in providing for and conducting adult education classes, engaged in a statutorily authorized governmental activity.

" '* * * [A]n evening or day school for adults and out of school youth, or technical school or institute for instruction beyond the high school" is an authorized activity under R. C. 3313.641 for local school boards.

The school board then being so engaged and so related to the incident set forth in the complaint it affirmatively appears that it is engaged in a governmental function and the issue is raised as to the application of the doctrine of governmental immunity.

In *Wayman* v. *Board of Education* (1966), 5 Ohio St. 2d 248, 249, it is stated:

"It is well settled that a board of education is a quasi corporation acting for the public as one of the state's ministerial education agencies 'for the organization, admin-

istration and control of the public school system of the state.' *Cline* v. *Martin*, 94 Ohio St. 420, 426. There is no statute creating liability in tort. There is no such liability at common law. *Finch* v. *Board of Education of Toledo*, 30 Ohio St. 37; *Board of Education of Cincinnati* v. *Volk*, 72 Ohio St. 469. In short, a board of education is a body corporate and politic of the state of Ohio, and, therefore, a suit against the board is plainly a suit against the government and its property.

"Therefore, most jurisdictions hold that the acts of a board of education in the operation and maintenance of a public school system are immune from liability in damages for tort arising out of negligence."

Such immunity was specifically held to exist in the *Volk* case, *supra*, and in the *Finch* case, *supra*. In the former case, at page 485, it is said:

"As the citizen cannot sue the state without its consent, expressed by legislation, its agents, the boards of education cannot be sued and made liable for damages without consent of the sovereign, expressed by pertinent legislation. Such legislation exists as to contracts made within the scope defined, but it does not extend to official misconduct, negligence or want of care."

See also *Corbean* v. *Xenia City Bd. of Edn.* (1966), 10 Ohio Misc. 153 and *Krause, Admr.*, v. *State* (1972), 31 Ohio St. 2d 132. In the latter case, it is stated in paragraph 3 of the syllabus:

"Section 16 of Article I. of the Ohio Constitution, as amended September 3, 1912, which provides that '* * * Suits may be brought against the state in such courts and in such manner, as may be provided by law,' is not self-executing, and statutory consent is a prerequisite to such suit."

See *Thacker* v. *Bd. of Trustees* (1973), 35 Ohio St. 2d 49 at page 52 for a full review of cases on this point. See also *Brown* v. *Bd. of Edn.* (1969), 20 Ohio St. 2d 68, at page 72.

Thus, by constitutional change the doctrine of sovereign immunity became the doctrine of lack of statutory con-

sent, but despite this change in theory it remained a full defense to tort actions for damages against the state and also against state agencies and in particular against boards of education in the absence of statutory consent.

Subsequently, by H. B. 800, signed by the governor on June 27, 1974, effective January 1, 1975, the state does waive its immunity against suit. This, however, is limited and does not by the terms of the act apply to school districts (see "The New Ohio Court of Claims—The Demise of Sovereign Immunity," 47 Ohio Bar 991 [1974]).

We conclude that the doctrine of lack of statutory consent in which still is enshrined the practical effect of the doctrine of sovereign immunity is still effective to bar an action for damages in negligence against a school board. It is, however, submitted by the plaintiffs that this conclusion is affected by the recent decision of the United States Supreme Court in the case of *Scheuer v. Rhodes, supra.* That case did deal with the question of governmental immunity as it affects individual office holders which the court determines have a qualified immunity in an action under 42 U. S. C. 1983, for a deprivation of civil rights. The present action is not brought under this act and is quickly distinguished. However, additionally and more importantly, the court determined the action therein involved was not an action against a state or a state agency as such, but against officeholders as individuals.

"Analyzing the complaint in light of these precedents, we see that petitioners allege facts that demonstrate they are seeking to impose individual and personal liability on the *named defendants* for what they claim—but have not yet established by proof—was a deprivation of federal rights by these defendants under the color of state law." (Page 238.)

Thus, the issue of the liability of the state or of its various agencies in which school boards must be included was not considered by the court. It therefore does not change the existing Ohio doctrine of absolute immunity for such agencies in the absence of statutory consent, which has not been given and which was specifically not included

in H. B. 800, as it may affect future cases. *Conrad* v. *Bd.* *of Education* (1928), 29 Ohio App. 317. See also 33 A. L. R. 3rd 708-741.

Therefore, the complaint affirmatively establishes under the foregoing considerations that no set of facts could be established which could place liability for the negligent act of an employee upon the defendant school board. The trial court's action in dismissing the complaint as to this defendant was proper and its judgment to this extent is affirmed.

II. As to the defendant David Burkhart:

It is clear that David Burkhart as an employee of the board of education and as one conducting an adult education class must be considered a teacher, and the issue that arises is whether or not the foregoing considerations which provide a defense to the board of education also provide a defense to the classroom teacher or instructor.

In 78 Corpus Juris Secundum 1197, Schools and School Districts, Section 238c, it is said:

"A teacher in the public schools is liable for injury to pupils in his charge caused by his negligence or failure to exercise reasonable care."

In 57 American Jurisprudence 2d 107, Municipal, Etc., Tort Liability, Section 95, it is said:

"It appears to be the general rule that the immunity of school districts, school boards, or other agencies in charge of public schools ordinarily does not extend to their agents or employees, or other persons under contract with such public bodies, in the absence of a statute providing otherwise, at least in connection with ministerial matters. So, the rule has been applied or recognized that teachers in a public school * * * are personally liable for their own negligence in the absence of statute. * * *"

This rule is wide spread in its application as is shown by the following statement in *Seitz*, Law and the School Principal (1961), at page 72:

"To the utter amazement of many teachers, courts are universally agreed that the cloak of immunity enjoyed by school districts and school board members does not cover

teachers. They, like all other individuals, are liable for their own torts—that is, for injuries resulting from their actions which are of a negligent character. * * *''

In *Guyten* v..*Rhodes* (1940), 65 Ohio App. 163, 165, the court stated but by way of dictum:

"If the teacher is liable for malfeasance, there appears no sound reason why he should not be held liable for either misfeasance or nonfeasance, if his acts or neglect are the direct proximate cause of injury to the pupil."

In *Hall* v. *Bd. of Ed.* (1972), 32 Ohio App. 2d 297, the court made the following statement in paragraph two of the syllabus:

"School and school district officers are not liable for the negligence of their employees in the absence of any statutory provision imposing such liability, and while school officials, teachers and employees may be liable for malicious or deliberate harm or injury to other persons, they are not liable for torts committed in the performance and within the scope of those duties involving the exercise of judgment and discretion."

It is clear that the trial court in the instant case applied this statement of law in its judgment. However, the facts of that case show that no defendant was a teacher. The defendants involved in the appeal were the school board, a school principal, a school superintendent, and an assistant school superintendent. The reference therefore to a teacher's liability or immunity is *obiter dictum*. The school officials involved in this case were on the policy rather than the ministerial or teaching level, and there is authority to sustain the proposition that such officials, since their duties are generally those involving the exercise of judgment and discretion, are covered by the governmental cloak of immunity unless their acts are malicious or result in deliberate harm or injury. See 48 Ohio Jurisprudence 2d 163, Schools, Section 249. However, this is not the question before us, and the majority rule in the United States appears to be that those on the teaching level are personally liable for their torts.

Subsequently, a Hamilton County Court of Common

Pleas in *Carroll* v. *Lucas* (1974), 39 Ohio Misc. 5, applied the syllabus of the *Hall* case literally to a case involving not only school officials but also a school librarian and a music teacher. The action however was for "emotional injury" and as such was not to be maintained on other grounds. We conclude that there is no Ohio authority which extends the cloak of governmental immunity to a teacher, and that the general rule provides that teachers are individually liable for their own torts.

The complaint in the present case, therefore, does not on its face affirmatively establish that no set of facts warranting recovery can be ultimately established by the evidence. The motion to dismiss the complaint as to David Burkhart should, therefore, have been denied and the trial court committed prejudicial error in granting that motion.

Turning then to the assignments of error as stated by appellants.

1. The trial court erred in granting the motion to dismiss as to David Burkhart, but not as to the defendant board of education.

2. The trial court erred in extending the doctrine of lack of statutory consent to defendant Burkhart but not as to the defendant board.

3. The trial court did not refuse to recognize the requirements of Civil Rule 8.

4. The factual determinations of the trial court as to the lack of malice or deliberate injury are immaterial to the question of immunity and hence the error, if any, is not prejudicial to appellant.

The judgment of the trial court dismissing the complaint as to defendant board of education is affirmed. The judgment of the trial court dismissing the complaint as to defendant David Burkhart is reversed and the cause remanded to the trial court for further proceedings pursuant to law.

*Judgment affirmed in part and reversed in part.*

Guernsey, P. J., and Miller, J., concur.