BAIRD ET AL., APPELLANTS, *v.* HOSMER, APPELLEE.

(No. 34221—Decided September 18, 1975.)

*Mr. William M. Wohl* and *Mr. John E. Duda,* for appellants.

*Mr. Joseph G. Schneider,* for appellee.

CORRIGAN, J. This appeal arises out of an action brought by a student and her mother against a teacher alleging that, due to the negligence of the teacher in conducting a gym class, the student sustained personal injuries. The trial court granted the teacher's motion for summary judgment and plaintiffs appeal.

In the motion for summary judgment, supported by the affidavit of the teacher and the deposition of the student, the defendant argued that sovereign immunity extends to a teacher who is negligent while acting within the scope of her duties, citing *Hall* v. *Bd. of Edn.* (1972), 32 Ohio App. 2d 297, a decision of the Court of Appeals for Franklin County. Appellants filed a brief in opposition to the motion, with no supporting documents attached, and argued that the *Hall* case was inapplicable and the portion of that case relied upon by the teacher was an incorrect statement of the law. The teacher then filed a reply to appellants' brief stating that even if sovereign immunity did not apply, on the basis of the teacher's affidavit and the student's deposition, there was no genuine issue as to any material fact and reasonable minds could only conclude that the teacher was not negligent. Civ. R. 56(C).

The trial court conducted a hearing on the motion for summary judgment and took the case under advisement. Three months later the following entry was made:

"Defendant's motion for summary judgment is granted, case dismissed. Plaintiff is to pay costs."

There is no transcript before this court of the hearing on the motion and the trial court rendered its decision without opinion. Since we have no way of knowing whether the trial court based its decision upon the doctrine of sovereign immunity or upon the argument that the teacher was not negligent as a matter of law, we must

affirm if either of those defenses is appropriate.

It is the finding of this court that the doctrine of sovereign immunity does not extend to a teacher who is negligent while acting within the scope of her duties and in so finding we note that we are in direct conflict with the holding in *Hall* v. *Bd. of Edn., supra.* We further find, on the basis of the teacher's affidavit and the student's deposition, that there are genuine issues as to material facts which cannot be disposed of in a motion for summary judgment. The judgment of the trial court is therefore reversed.

I.

The second paragraph of the syllabus in *Hall* v. *Bd. of Edn., supra,* states:

"School and school district officers are not liable for the negligence of their employees in the absence of any statutory provision imposing such liability, and while school officials, teachers, and employees may be liable for malicious or deliberate harm or injury to other persons, they are not liable for torts committed in the performance and within the scope of those duties involving the exercise of judgment and discretion."

We find the above paragraph to be an incorrect statement of the law in that it makes the doctrine of sovereign immunity applicable to negligence actions against teachers in their individual capacities.

With the exception of the *Hall* case and *Carroll* v. *Lucas* (1974), 39 Ohio Misc. 5, a Hamilton County Common Pleas Court decision following *Hall,* extensive research has failed to disclose any other decision in any jurisdiction extending the doctrine of sovereign immunity to teachers. On the other hand it has been consistently held in all cases dealing with the subject that governmental immunity from suit for negligence extends to the officers of boards of education and school districts but not to their employees. *Crabbe* v. *County School Board of Northumberland* (1968), 209 Va. 356, 164 S. E. 2d 639 (Virginia Supreme Court holding that the governmental immunity of a school board does not extend to a teacher in a negligence action); *Sly* v. *Board of Education of Kan-*

*sas* (1973), 213 Kan. 415, 516 P. 2d 895 (Supreme Court of Kansas holding that the governmental immunity of a school district does not extend to a principal and vice-principal in a negligence action); *Anderson v. Calamus Community School District* (1970), ——Iowa——, 174 N. W. 2d 643 (Supreme Court of Iowa holding that the governmental immunity of the school district does not extend to a school bus driver in a negligence action); *Duncan v. Koustenis* (1970), 260 Md. 98, 271 A. 2d 547 (Court of Appeals of Maryland holding that a teacher is not a "public official" to whom the defense of governmental immunity is available).

The rationale behind the above decisions begins with the principle that the right of the state not to be sued without its consent extends to its agents, the boards of education. *Board of Edn. v. Volk* (1905), 72 Ohio St. 469.[1] Therefore the general rule has emerged that officers of boards of education and school district officials cannot be held liable for their torts when acting in their official capacities. *Board of Directors of Sub-school District No. 7 v. Burton* (1875), 26 Ohio St. 421; *Hall v. Bd. of Edn., supra*. If these officials cannot be held liable because governmental immunity extends to them, it necessarily follows that these same officials cannot be held liable for the torts of their employees under the doctrine of *respondeat superior*. See annotation 32 A. L. R. 2d 1163, Section 3.

But there is no reason for extending the right of the state not to be sued without its consent to protect employees of school boards (teachers) when they are sued in their individual capacities since they are not school officials.[2] The reasoning is well summarized in *Smith v. Hefner* (1952), 235 N. C. 123, 68 S. E. 2d 783:

---

[1]Pursuant to R. C. Chapter 2743, beginning January 1, 1975, the state of Ohio has waived its governmental immunity but this waiver does not apply to "political subdivisions" such as municipalities and local school boards. R. C. 2743.01(A) and (B).

[2]The same reasoning applies if the teachers are considered to be employees of the municipality since the municipality and not its employees possesses governmental immunity.

* * * [A] public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto. The rule in such cases is that an official may not be held liable unless it be alleged and proved that his act, or failure to act, was corrupt or malicious * * * or that he acted outside of and beyond the scope of his duties * * *. And *while an employee of an agency of government, as distinguished from a public official, is generally held individually liable for negligence in the performance of his duties,* nevertheless such negligence may not be imputed to the employer on the principle of *respondeat superior,* when such employer is clothed with governmental immunity. (Emphasis added.)

The *Hall* case is not distinguishable from the case presently before this court because one of the defendants dismissed in *Hall* as immune from liability was the school principal. A principal, like a teacher, is an employee of the school rather than a public official.

The *Hall* court took a well settled principle of law stated in 48 Ohio Jurisprudence 2d 163, Section 249 that "[s]chool officials, teachers and employees are liable for malicious or deliberate harm or injury to other persons" and interpreted it to mean that teachers and employees were not liable for negligence. We can find no authority for this latter proposition of law. It is true that school *officials* are clothed with such an immunity but, as explained above, that immunity does not extend to teachers and other employees. As was stated in *Guyten* v. *Rhodes* (1940), 65 Ohio App. 163, at 165:

"If a teacher is liable for malfeasance, there appears no sound reason why he should not be held liable for either misfeasance or non-feasance, if his acts or neglect are the direct proximate cause of injury to the pupil."

## II.

Appellee makes the argument that summary judgment was appropriate for the defendant because there was no showing of negligence based upon the deposition of the student and the affidavit of the teacher. We have

examined the record and find that issues of fact exist as to whether the defendant was negligent.

The injury occurred during a warm-up exercise referred to as a "bench jump." This exercise was recommended in an article in "Basketball Guide," a publication of the American Association for Health, Physical Education, and Recreation, Division for Girls and Women's Sports and is described in that article as follows:

"Bench jump. Equipment: Two or three 18-inch high benches marked off in two-foot sections. Directions: Stand with right side to bench within the first two-foot section. Pushing off with the outside foot, jump diagonally across the bench landing with left side to bench. Continue jumping in this manner until the end of the bench is reached. Turn around and move back down the bench in the same manner but with a two-foot takeoff. In counting repetitions for the one-minute test, each trip down and back counts one."

In her affidavit the teacher stated that, at the time of the injury, the exercise was being conducted in conformity with the recommendations set forth above.

The student described the exercise and the manner of its performance in her deposition. Her description does not conflict with the description appearing in the article. But the student went on to explain that the injury occurred when, in attempting to jump over the bench, she cut the side of her knee on the jagged metal edge of the bench. It is the contention of the plaintiffs that the teacher was negligent in selecting this particular bench for the exercise because of its jagged edge. Notwithstanding the fact that the exercise was conducted as recommended, material issues of fact remain as to the condition of the bench, the manner of its selection, and the cause of the injury. Therefore summary judgment was inappropriate. Civ. R. 56.

*Judgment reversed.*

KRENZLER, C. J., and MANOS, J., concur.