{¶ 1} This accelerated appeal comes to us from a summary judgment issued by the Sandusky County Court of Common Pleas, in favor of a school which allegedly failed to properly maintain equipment used in a classroom. Because we conclude that appellant failed to put forth sufficient evidence to establish a dispute in material facts and appellee was entitled to judgment as a matter of law, we affirm.
 {¶ 2} In September 1997, appellant, Robert J. Fleming, attended Vanguard Sentinel Joint Vocational School ("Vanguard" or "appellee"). In July 1998, appellant filed suit against the school, alleging that on September 2, 1997, while attending welding class, he was "electrocuted by a welding machine" owned by Vanguard. Appellant further alleged that the accident resulted from the school's "failure to properly maintain their equipment and lack of due regard for the safety of others." Appellant claimed injuries which included "rapid heart rate, shortness of breath, blurred vision, loss of vision in the left eye for a period of one month, swelling of the optic nerve in the left eye, electrical exit wounds in the left foot and right elbow, [and] severe headaches."
 {¶ 3} Vanguard moved for summary judgment, supported by the deposition of Anthony Lewis, appellant's teacher, and two affidavits from persons who had inspected the machine following the incident. Appellant responded in opposition with the affidavit of an alleged expert. This affidavit did not provide any qualifications as to the affiant's expertise. Appellee moved to strike the affidavit as inadmissible without such qualifications and further, that it failed to provide any affirmative evidence in support of appellant's claims. Appellant then filed a copy of the alleged expert's resume.
 {¶ 4} Ultimately, the trial court granted summary judgment in favor of Vanguard, without ruling on its motion to strike.
 {¶ 5} Appellant now appeals that judgment, setting forth the following two assignments of error:
 {¶ 6} "1. The trial court's [sic] erred in awarding defendant summary judgment when genuine issues of material fact were still in existence.
 {¶ 7} "2. The trial court erred and violated plaintiff's due process rights for redress for injury pursuant to Ohio Constitution § 16 when it failed to rule on defendant's motion for summary judgment within one hundred twenty days from the date defendant's motion was filed as required by Sup.R. 40(A)."
 I. {¶ 8} Appellant, in his first assignment of error, contends that the trial court improperly granted summary judgment because genuine issues of material fact remain in dispute. We initially note, that although both parties refer to the appellant's deposition testimony, his deposition is not part of the record and, according to the docket sheet, was never filed. Therefore, we must determine this appeal based upon the record as provided.
 {¶ 9} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact on the essential elements of the nonmoving party's claim.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts demonstrating that a genuine issue exists for trial. Id.
 {¶ 10} R.C. 2744.02(A)(1) provides "blanket immunity" in that a political subdivision is generally not liable for injury, death or loss to persons or property incurred in connection with the performance of a governmental or proprietary function of that political subdivision. In this case, the school enjoys initial protection under R.C. 2744.02(A)(1) as a political subdivision, as defined in R.C. 2744.01(F), which was engaged in a governmental function. R.C. 2744.01(C)(2)(c); Hall v. Bd. ofEdn. (1972), 32 Ohio App.2d 297, 301. We must first determine if any of the exceptions to the general grant of immunity under R.C. 2744.02(B) apply.
 {¶ 11} R.C. 2744.02(B) includes the following one of five exceptions to the blanket immunity provision:
 {¶ 12} "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code."[1]
 {¶ 13} Consequently, since R.C. 2744.02(B)(4) provides that liability may be premised on the negligence of an employee within the school building, Vanguard may be liable for any alleged negligent acts of Mr. Lewis. We must now determine whether appellee is entitled to an additional defense or qualified immunity under R.C. 2744.03.
 {¶ 14} R.C. 2744.03(A) provides a mechanism by which a defendant may "regain" its immunity status when the activity at issue falls within one of the exceptions under R.C. 2744.02(B). Relevant to the instant case, R.C. 2744.03(A) provides:
 {¶ 15} "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
 {¶ 16} "* * *
 {¶ 17} "(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 18} The Supreme Court of Ohio has held that the repair of equipment within a building falls within the routine maintenance, and is not a discretionary act as contemplated under R.C. 2744.03(A)(5). SeePerkins v. Norwood City Schools (1999), 85 Ohio St.3d 191, 193 (repair of leaking drinking fountain does not involve R.C. 2744.03(A)(5) judgment or discretion).
 {¶ 19} In this case, while the teacher may have included instruction to the students in the maintenance of such equipment, the actual maintenance of welding machines used by students is a required and routine function which would not involve any judgment or discretion. Consequently, we conclude that the school's maintenance of the welding machine does not fall into the category of "acquiring or how to use" the machine. Therefore, Vanguard is not immune from claims of negligence pursuant to R.C. 2744.03(A)(5). Our analysis does not, however, end here. We must now examine the record based upon the evidence presented to determine whether appellee's motion for summary judgment was properly granted.
 {¶ 20} In order to establish a prima facie case of negligence, a plaintiff must show that the defendant had a legal duty, a breach of that duty, and that injury occurred as a proximate result of that breach.Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285; Bohme, Inc. v.Sprint Int'l Comm. Corp. (1996), 115 Ohio App.3d 723, 728.
 {¶ 21} In the present case, appellee presented the deposition testimony of appellant's teacher, Anthony Lewis, an affidavit from Rick Hutchison, a design engineer for Miller Electric (the manufacturer of the welding machine), and an affidavit from Craig Wood, an officer of O.E. Meyer Company (distributor and repairer of welding machines). Since appellant's deposition was never filed with the trial court, we may not consider appellee's references to appellant's admissions.
 {¶ 22} Lewis stated that as part of his class instruction at the end of every year, he has the students inspect the welding machines for maintenance purposes. He said that he then also inspects the machines. At the time of the incident involving appellant, Lewis said that appellant told him he had been struck by a "fireball." The teacher observed that the hair on appellant's arms and face was burnt. In his opinion, appellant did not show signs of having been electrocuted and did not, immediately after the incident, indicate that he had received an electrical shock. Lewis opined that, despite warnings against such behavior, appellant may have been using a butane lighter which could have caused the "fire ball" to occur.
 {¶ 23} Appellant went to the office, was treated thereafter, and returned to school within the next few days. Lewis stated that immediately after the incident, he inspected the welding machine and operated it in the same manner as described by appellant. The teacher said that the machine functioned correctly. Lewis also opined that the machine had such a low voltage, that had a shock occurred, it would have been minimal. Concerned that something might still be wrong, Lewis contacted O.E. Meyers Company to inspect the machine.
 {¶ 24} The affidavit of Craig Wood, executive vice president of O.E. Meyers Company, stated that the machine had been inspected by his service personnel. He averred that he prepared the attached report which indicated that no problems were found with the machine. At Wood's request, the manufacturer, Miller Electric Manufacturing Company, sent two persons to inspect the machine. An affidavit by Rick Hutchison, the Product Safety and Certification Manager of the manufacturer, stated that he and another Miller employee inspected and tested the welding machine. Hutchison stated that the machine was working properly and was safe to return to service.
 {¶ 25} In response to appellee's motion, appellant filed the affidavit of an electrical engineer, George Kramerich, PhD.[2]
Kramerich's affidavit purports to offer medical opinions about what did not cause appellant's injuries, i.e. a butane lighter explosion. Appellant does not, however, offer any medical testimony or records to establish that his alleged injuries were, in fact, caused by electrical shock as alleged in his complaint.
 {¶ 26} Kramerich also opines that the only inspections performed were invalid since they were off-site. This statement ignores the testimony of Anthony Lewis who said he inspected and tested the machine immediately following the incident. Although the machine was available, Kramerich himself apparently never inspected the machine or the school site itself. Furthermore, Kramerich offers opinions about Vanguard's "duty" to maintain the equipment, but gives no source for this duty or specific facts from the record in support of his opinion. Finally, appellant has failed to present any theory or evidence, either from Kramerich or otherwise, of how the welding machine allegedly malfunctioned. As we noted previously, although referred to by appellant, his deposition was never filed with the court and is not part of the record on appeal.
 {¶ 27} In our view, appellant has failed to present sufficient evidence that Vanguard breached its duty of care in maintaining the welding machine or that an electrical malfunction in the machine was the proximate cause of his alleged injuries. In fact, beyond the bare and vague allegations in the complaint, appellant has offered nothing to show that the welding machine malfunctioned at all. Therefore, since material issues of fact are not in dispute, and appellee is entitled to judgment as a matter of law, the trial court properly granted summary judgment in favor of Vanguard.
 {¶ 28} Appellant's first assignment of error is not well-taken.
 II. {¶ 29} Appellant, in his second assignment of error, argues that his rights of due process were violated because the trial court failed to rule on the motion for summary judgment in a timely manner.
 {¶ 30} A writ of procedendo is the appropriate action when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Miley v. Parrott (1996),77 Ohio St.3d 64, 65. We agree that the court exercised a rather lengthy delay in ruling on appellee's motion. Nevertheless, there is a two year gap in which neither party filed anything with the trial court nor with this court, requesting that the court rule on the pending motion. Therefore, appellant failed to avail himself of the appropriate remedy.
 {¶ 31} Appellant's second assignment of error is not well-taken.
 {¶ 32} The judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., and Arlene Singer, J. CONCUR.
[1] The version of R.C. 2744.02(B)(4) in effect at the time of appellant's accident included the H.B. 350 amended limiting language "and is due to physical defects within or on the grounds of" in reference to the injuries caused. However, the Supreme Court of Ohio deemed H.B. 350 to be unconstitutional. See State ex rel. Ohio Academy of Trial Lawyersv. Sheward (1999), 86 Ohio St.3d 451. The H.B. 215 version of R.C.2744.02(B)(4) was also invalidated. See Stevens v. Ackman (2000),91 Ohio St.3d 182. Thus, the version which was in effect prior to January 27, 1997 was reinstated.
[2] Appellee move to strike this affidavit as irrelevant and not in conformance with Civ.R. 56(E). Since nothing in the record indicates that the trial court ruled upon this motion, we must presume it denied. We will, therefore, utilize it, for whatever its worth, in determining the issues on summary judgment.