JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-Appellant Donald Kirby ("Plaintiff") appeals from the order of the trial court which entered summary judgment for Defendant-Appellant Clark Refining and Marketing, Inc. ("Defendant"). For the reasons set forth below, we affirm.
 {¶ 2} The undisputed facts are that on December 13, 1998 the Plaintiff, a frequent customer of the Clark gas station owned by Defendant and located on Harvard Avenue in Cleveland, Ohio, fell while exiting the store and suffered injuries as a result thereof.
 {¶ 3} On May 27, 2003, the Plaintiff re-filed a one-count complaint charging Defendant with negligently maintaining the door threshold on the gas station premises. On December 2, 2003, the Defendant filed a Motion for Summary Judgment asserting a number of propositions in support of summary judgment. Plaintiff's Brief in Opposition only addressed Defendant's first proposition in support of summary judgment, i.e., that Plaintiff could not identify the cause of his fall. The trial court granted the Defendant's Motion for Summary Judgment without opinion and dismissed the Plaintiff's Complaint. It is from this ruling that Plaintiff now appeals, asserting only one assignment of error for our review.
 {¶ 4} Plaintiff's assignment of error states:
 {¶ 5} "The trial court erred in finding that the court record in this case did not show that plaintiff knew how he fell when he stepped out of the defendant's premises."
 {¶ 6} With regard to procedure, we note that we employ a de novo review in determining whether summary judgment was properly granted.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336,671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equip. Co. (1997),124 Ohio App.3d 581, 585, 706 N.E.2d 860.
 {¶ 7} Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." Civ.R. 56(C); State ex rel. Dussell v. Lakewood PoliceDept.,99 Ohio St.3d 299, 300-01, 2003-Ohio-3652, 791 N.E.2d 45, citing State ex rel.Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326,672 N.E.2d 654
 {¶ 8} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v. Mentor Soccer Club,82 Ohio St.3d 367, 369-70, 1998-Ohio-389, 696 N.E.2d 201. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389,667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95,604 N.E.2d 138.
 {¶ 9} For the reasons that follow, we find that the Plaintiff's knowledge regarding the cause of his fall on the Defendant's premises is a factual question that is in dispute and thus, is inappropriate for summary judgment. However, because Plaintiff failed to establish a genuine issue as to the alternative grounds set forth in Defendant's motion, we find no prejudicial error. To establish negligence in a fall case, a plaintiff must show that there was a dangerous or latent condition on the premises that caused the fall. Kimbro v. Konni'sSupermarket, Inc. (June 27, 1996), Cuyahoga App. No. 69666; Green v.Castronova (1966), 9 Ohio App.2d 156, 161, 223 N.E.2d 641; ClevelandAthletic Assoc. Co. v. Bending (1934), 129 Ohio St. 152, 194 N.E. 6. Speculation or conjecture on a plaintiff's part as to the culpable party who caused [the] fall and what caused [the] fall is not sufficient, as a matter of law, since the issue of proximate cause is not open to speculation and plaintiff can point to no wrong or negligent act committed by defendant." Orens v. Ricardo's Restaurant (Nov. 14, 1996), Cuyahoga App. No. 70403, citing Guyton v. DeBartolo, Inc. (Nov. 4, 1993), Cuyahoga App. No. 65268.
 {¶ 10} In the instant case, the Plaintiff's knowledge regarding the cause of his fall is a factual question and is in dispute. Defendant asserts that Plaintiff cannot identify the cause of his fall, or in the least, has presented no evidence that the step in question was negligently maintained or unreasonably dangerous. Defendant supports this contention by pointing to specific portions of Plaintiff's deposition where Plaintiff testified that the fall "happened so fast, I couldn't even recall, it happened so fast."
 {¶ 11} In other portions of the testimony, however, Plaintiff testified as to the events of his fall in detail. He testified that he attempted to traverse over the metal threshold, and subsequently, attempted to put his left foot down on the concrete on the outside part of the threshold, but tripped on the concrete portion of the top of the step. Additionally, immediately after the fall, he noticed deterioration in the cement portion of the step. Further, Plaintiff returned to the scene to make out a report and photograph the deteriorating concrete step.
 {¶ 12} Accepting both the Plaintiff's and Defendant's assertions as true, Defendant was not entitled to judgment as a matter of law due to the proposition that Plaintiff could not identify the cause of his fall. The evidence the Plaintiff and Defendant presented is susceptible to different interpretations and inferences by the trier of fact in regards to Plaintiff's knowledge of the cause of his fall. More specifically, the Plaintiff's subsequent testimony as to the details of his fall establishes that he either contradicted or clarified his earlier testimony that the events happened so fast that he could not recall such events. Such a determination is only appropriate for the trier of fact. Therefore, it would be error to resolve the disputed fact of Plaintiff's knowledge as to the cause of the fall at the summary judgment stage. Accordingly, because there is a genuine issue as to the material fact of the Plaintiff's knowledge of the cause of the fall, summary judgment was not appropriate based on this contention.
 {¶ 13} As stated previously, Defendant moved the trial court to grant summary judgment in its favor on four alternative grounds: (1) Plaintiff failed to identify the cause of his fall, (2) Plaintiff had knowledge of the alleged dangerous condition, (3) the alleged condition was insubstantial, and (4) the alleged condition was an open and obvious danger. The trial court granted Defendant summary judgment without opinion and Plaintiff appealed solely contesting Defendant's first argument that the trial court erred in finding that Plaintiff did not know the cause of his fall.
 {¶ 14} We find that summary judgment is not appropriate based upon Defendant's first argument. However, Plaintiff has not challenged as error the trial court's possible determination that there are no genuine issues of material fact in the case sub judice due to the Defendant's other three arguments. Accordingly, we must assume Plaintiff does not dispute that summary judgment on these bases was appropriate. For this reason alone, we affirm the judgment of the trial court. See Baird v.Hosmer (1975), 48 Ohio App.2d 51, 52-53, 355 N.E.2d 525; Task v.Natl. City Bank (Feb. 10, 1994), Cuyahoga App. No. 65617. In the interests of fulfilling our appellate role, however, we will briefly address Defendant's other argument regarding insubstantial defects on the premises in favor of summary judgment.
 {¶ 15} It is undisputed in the present matter that Plaintiff was an invitee of the Defendant's premises and accordingly, Defendant owed Plaintiff the duty of ordinary care. The duty, however, does not require owners to protect or warn invitees of insubstantial defects on the property. Helms v. Amer. Legion, Inc. (1966), 5 Ohio St.2d 60,213 N.E.2d 734. As a matter of law, a defect that has a less than a two inch difference is insubstantial. Kimball v. Cincinnati (1957),160 Ohio St. 370, 116 N.E.2d 708; Gallagher v. Toledo (1959),168 Ohio St. 508, 156 N.E.2d 466. Accordingly, property owners do not have a duty to repair a defect measuring two inches or less unless it is reasonably foreseeable that the defect will cause an injury. Stockhauserv. Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29, 646 N.E.2d 198.
 {¶ 16} Here, Plaintiff has failed to establish that the alleged condition which he claims caused his injuries was unreasonably dangerous. The described condition of the step at the Clark convenience store was insubstantial as a matter of law and Defendant is not liable for Plaintiff's injuries. Accordingly, we affirm the trial court's grant of summary judgment in this instance.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Kilbane, J., concur.