STONE *v.* EQUITABLE MORTGAGE CO. ET AL.

*Lis pendens—Doctrine inapplicable to action for money only— Judgment lien divested by foreclosure sale at same term, when—Money only action commenced prior to foreclosure suit.*

1. An action for money only is not within the doctrine of *lis pendens.*

2. The lien of a judgment in an action for money only, recovered in the court of common pleas at the same term in which a decree foreclosing a mortgage is rendered, is divested by a judicial sale in the foreclosure suit of the property upon which said lien and mortgage exist, even though the action for money was commenced prior to the foreclosure suit and the judgment creditor was not made a party thereto—both actions having been commenced prior to the term in which said money judgment and foreclosure decree were entered.

(Decided May 28, 1927.)

APPEAL: Court of Appeals for Summit county.

*Mr. Donald Gottwald,* for plaintiff.
*Messrs. Underwood, Carson, Moore & Howes,* for defendant Equitable Mortgage Co.

FUNK, J. On and prior to July 25, 1921, one Harry Holub owned an undivided interest in certain real estate in Summit county, described in the petition, which premises were then incumbered by a first mortgage to the Akron Guaranteed Mortgage Company, and a second mortgage to the Standard Mortgage Company.

On that day plaintiff commenced his action for money only against said Holub in the common pleas court of this county, being in the April term thereof, on which summons was served on said Holub on July 27, 1921. On September 22, 1921, being in the September term of said court, the Standard Mortgage Company commenced its action in said court against said Holub and the other joint owners to foreclose its second mortgage and for a money judgment for the amount secured by such mortgage. Service of summons was had on said Holub in said foreclosure suit on September 26, 1921.

On March 12, 1922, and during the January term, 1922, of said court, which began on the first Monday in January, the Standard Mortgage Company obtained a decree of foreclosure of its said mortgage and a judgment for the debt thereby secured.

On March 28, 1922, and being in said January term of said court, plaintiff obtained a judgment against said Holub in his suit for money only commenced in July, 1921, on which execution was issued on March 29, 1922, and returned on May 18, 1922, without levy on the premises in question. Thereafter, in August, 1922, the premises were sold in said foreclosure suit to a third person, who executed new first and second mortgages to said two former mortgagees. The property was there-

after transferred a number of times, subject to said two mortgages, which mortgages were afterwards foreclosed and the property sold a second time, on January 29, 1926, when the defendant Equitable Mortgage Company purchased the premises. On January 19, 1926, plaintiff caused an alias execution to be issued on his judgment obtained March 28, 1922, and caused the same to be levied upon the premises in question, and has filed his petition in the instant case to marshal liens, claiming to have a first and best lien on said Holub's interest in said premises as against the present owner and holder thereof.

Defendant Equitable Mortgage Company filed its answer, setting up two defenses: First, a general denial; and second, a history of the litigation, in substance as above set forth, and alleging that by virtue thereof this defendant is a *bona fide* purchaser for value, without notice, and is subrogated to all the rights of the satisfied lienholders for the protection of its title, and that said premises were discharged from any purported lien arising from plaintiff's said judgment, and that plaintiff is barred from asserting any interest in said premises by reason of "laches in perfecting his purported lien."

The case was submitted to the court of common pleas upon an agreed statement of facts. The court found for defendant and dismissed the petition, and the case is now in this court upon appeal by the plaintiff from that decision.

The question is thus presented: Has the plaintiff an enforceable lien on said premises?

Counsel for plaintiff contends that plaintiff was a necessary party in said foreclosure suit by rea-

son of the fact that his action for money only was commenced several months prior to the commencement of the foreclosure suit, although his judgment was not obtained until long after the commencement of the foreclosure suit, and in fact some 16 days after the decree of foreclosure and judgment for the debt thereby secured had been entered in said foreclosure suit; that it was therefore necessary for plaintiff or some cross-petitioner in the foreclosure suit to make this plaintiff a party in that suit; and that it was not incumbent upon this plaintiff, in order to avail himself of any benefit he may have derived in obtaining said judgment, to have himself made a party defendant in said foreclosure suit.

A determination of this question depends upon whether or not an action for money only is within the doctrine of *lis pendens.*

No rule is better established than the doctrine of *lis pendens,* which had its origin in England in courts of chancery. It was early recognized in Ohio, in *Ludlow's Heirs* v. *Kidd's Exrs.,* 3 Ohio, 541, 542, and *Bennet's Lessee* v. *Williams,* 5 Ohio, 461, 462, and has been statutory in Ohio for many years—which is simply a declaration of the common law on the subject. General Code, Section 11300, provides as follows:

"When the summons has been served or the publication made, the action is pending so as to charge third persons with notice of its pendency. While pending no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

It is thus settled in Ohio that all persons who purchase, or otherwise acquire an interest in the

subject of litigation, after summons has been served, take with constructive notice of the pendency of such suit, and will be bound by its result, and should, if they wish to assert any claim founded on that interest, become parties and bring it to the attention of the court by appropriate pleadings. This rule is quite as applicable to judgment creditors as it is to purchasers or other incumbrancers, and there is no reason why it should not be, as the position of the judgment creditor is not more meritorious than that of a *bona fide* purchaser or mortgagee.

Under our Code (Section 11656, General Code, as in force at the time the two actions referred to as the basis of this suit were commenced and tried), when an action had been commenced before the first day of the term of court at which judgment was rendered the lien of such judgment automatically attached as of the first day of said term to all real estate in said county, owned by the judgment debtor at that time, and remained such lien for 5 years without execution being issued and levied thereon (Section 11663, General Code), but lost its preference as to other *judgment creditors*—but not as to purchasers or mortgagees—if execution was not issued within 1 year after the rendition of such judgment (Section 11708, General Code).

Some claim is made, in the briefs and oral argument, that the failure of plaintiff to issue execution and levy on the premises within 1 year after the rendition of the judgment, as provided in Section 11708, caused him to lose his preference as against the judgment rendered for the debt secured by the mortgage in the foreclosure suit, and that such failure to so levy on said premises made the sale bind-

ing on him even though he was not made a party in said foreclosure suit.

We are of the opinion that such failure to levy on the premises within one year has no bearing whatever in the instant case. The loss of the preference as against judgment creditors by reason of the failure to levy on the premises within one year (Section 11708) would not relieve the plaintiff in the foreclosure suit of the duty to make the plaintiff in this suit a defendant in the foreclosure suit, if an action for money only is a *lis pendens,* as the loss of such preference did not deprive him of his lien for 5 years as against subsequent purchasers or mortgagees, under Section 11663, General Code.

Furthermore, it is conceded that the mortgages, being foreclosed, were liens prior to plaintiff's judgment, and this priority of the mortgages was not affected by reason of the rendering of a judgment in the same suit at the same time on a separate cause of action for the debt secured by them. Moreover, his present claim that he was a necessary party is based entirely upon the fact that his action was commenced prior to the foreclosure suit and before the first day of the term in which he obtained his judgment against said Holub.

Under our Code (Section 11656, as then in force), plaintiff had no lien on the real estate in question prior to the 1st day of the January, 1922, term of court, and it is conceded by counsel for plaintiff that if his action for money only had been commenced after summons was served in the foreclosure suit, he would not have been a necessary party defendant in the foreclosure suit, and that what interest he may have obtained by his judg-

ment would have been divested by the sale of the premises in said foreclosure suit if he would not have voluntarily come in and been made a party thereto.

Quaere: Is the rule any different because the action for money only was commenced prior to the foreclosure suit? As before stated, this depends upon whether an action for money only is *lis pendens*.

Freeman on Judgments (5th Ed.), Vol. 1, pp. 1143, 1144, Section 534, under the subject of *"Lis Pendens,"* says:

"To determine whether an action or proceeding will put in operation the doctrine of *lis pendens,* one must inquire whether its object is to affect specific property or not. If the relief sought includes the recovery of possession, or the enforcement of a lien, or the cancellation or creation of a muniment of title, or any other judicial action affecting the title, possession, or right of possession of specific property, real or personal, then there is or may be a *lis pendens* sufficient to bind all subsequent purchasers or incumbrancers. If, on the other hand, no specific property is to be affected by the judgment, there is no *lis pendens.* Hence if the object of the action is merely to recover a money judgment, there can be no *lis pendens,* though the cause of action may arise out of property specified in the petition or complaint, as where the suit is to recover the value of such property or compensation for injuries thereto."

The author, at page 1148, in Section 537, further says:

*"Lis pendens* does not affect any property not necessarily bound by the suit."

Further, at page 1138, in Section 532, the author says:

"The lien of a judgment is an incumbrance on or interest acquired in the land of the judgment debtor, and if such judgment is obtained after *lis pendens* in an action involving the property sought to be subject to such lien, the judgment creditor is a purchaser *pendente lite* and subject to the rules governing such purchasers."

As early as 1835, in the case of *Hamlin's Lessee v. Bevans,* 7 Ohio, 161, at page 164, pt. 1, 28 Am. Dec., 625, the judge delivering the opinion says:

"Where the object of a suit, in law or in equity, is to recover, specifically, a described piece of real estate, the pendency of the suit is held to be notice to all the world of the claim, and a final judgment or decree in his favor, overreaches intermediate purchases, that is, purchases made pending the suit. [*Bennet's Lessee v. Williams*] 5 Ohio, 462; [*Murray v. Ballou*] 1 Johns. Ch., 566 * * * We know of no cases going further than these."

The court in that case held that a decree for alimony in an action for divorce only, without reference to any specific property, binds the estate only from its rendition, and is postponed to judgments rendered while the petition for divorce was pending.

In *Tolerton v. Williard,* 30 Ohio St., 579, where the petition by the wife was for divorce and alimony, and specifically described certain real estate, charging it with equities of the wife, the court held that the action operated as a *lis pendens.*

In *Cradlebaugh & Morris v. Pritchett,* 8 Ohio St., 646, 72 Am. Dec., 610, where, after order of sale in

partition a judgment was recovered against one of the defendant cotenants in partition, the court held:

"(1) That the lien of the judgment upon the undivided interest which the judgment debtor had at its rendition, was divested by the sale in partition and could not be asserted as against the purchaser at said sale.

"(2) That such judgment creditor, on due application to the court having control of the proceeds of the sale, might have had the portion belonging to his debtor applied in satisfaction of the judgment."

In *Stewart, Admr.,* v. *Wheeling & L. E. Ry. Co.,* 53 Ohio St., 151, 41 N. E., 247, 29 L. R. A., 438, the second paragraph of the syllabus reads:

"(2) A suit brought in a federal court to foreclose a mortgage on the property of a railroad corporation, operates as constructive notice throughout the district, and all persons acquiring an interest in, or lien on any part of the property during the pendency of the suit, will be bound by the decree, and sale made thereunder; the purchaser will take the property discharged from all such liens and interests, though the persons obtaining them be not parties to the suit; they must seek satisfaction from the proceeds of the sale, to reach which they should become parties, and bring their claims to the attention of the court by appropriate pleadings."

This case is directly in point, as the court extended rather than curtailed the rule when it held that Section 5053, Revised Statutes, now Section 11301, General Code, had no application to actions in federal court, but that the doctrine of *lis pendens* operated throughout the dis-

trict and was not confined to the county, and that said section controls only actions in state courts.

There is nothing in the report of any of the above-cited cases to show whether or not the action, in which the judgment was rendered, was commenced before or after the commencement of the suit in which the sale was made or a transfer of the property decreed. In all those cases the court seems to have based its opinion entirely upon the fact that the judgment was rendered after such suit was commenced. It would thus seem that the court in those cases did not consider material the fact whether or not the action, in which the judgment was obtained, had been commenced before or after the suit in which the sale or transfer of property was made.

However, in the cases of *Appleby* v. *Mullaney*, 7 N. P., 120, 9 O. D. (N. P.), 765, and *Stout* v. *Lye*, 103 U. S., 67, 26 L. Ed., 428, 4 O. F. D., 659, the actions were commenced before and the judgments rendered after the commencement of the suit in which the property was sold, as was done in the instant case, and the court in both these cases held that such action was not *lis pendens* and that the lien of the judgment was divested by the judicial sale of the land, even though such judgment creditor was not made a party to such suit. We think the holding in these two cases is sound, and we cite them with approval.

The following cases also sustain this proposition: *Omwake* v. *Jackson*, 15 C. C., 615, 8 C. D., 235; *Caldwell Bldg. & Loan Assn.* v. *Bigley*, 2 C. C. (N. S.), 297, 15 C. D., 431; *Walker* v. *Scott*, 7 Ohio App., 335.

A foreclosure suit describing specific property is

clearly *lis pendens* as to such property, and from the great weight of authority it is just as clear that an action for money only is an action *in personam,* and not one *in rem,* that it does not describe or have reference to any specific property and is not *lis pendens,* and that the lien of a judgment recovered in an action for money only, pending proceedings for the foreclosure of a mortgage on the same land, is divested by a sale of the land under an order of the court in the suit for foreclosure, even though such action in which judgment was obtained was commenced before the foreclosure suit, and such judgment creditor was not made a party to such foreclosure suit.

Plaintiff therefore does not have an enforceable lien on the premises described in the petition. Whatever lien he may have had on said premises or right in the proceeds of the sale over and above the costs, taxes, and the mortgages conceded to be prior liens—if there were any such proceeds—was divested by the judicial sale of said property on foreclosure to a third person in August, 1922.

The petition is dismissed, and the premises in question discharged from any lien arising from the judgment of plaintiff. An entry may be prepared accordingly.

*Petition dismissed.*

WASHBURN, P. J., and PARDEE, J., concur.