POURNARAS, APPELLANT, *v.*
HOPKINS, APPELLEE.

(No. 45779—Decided July 21, 1983.)

Mr. James Pournaras, pro se.
Mr. Robert D. Archibald, for appellee.

PATTON, C.J. Plaintiff-appellant, James Pournaras, appeals from an order of the Cleveland Municipal Court dismissing his complaint.

Appellant's complaint arose out of certain actions by defendant-appellee, Paula Hopkins, attorney for appellant's wife, taken in the course of a domestic relations proceeding then pending between appellant and his wife, Constance Pournaras.

Appellant alleged in his complaint that appellee sent a letter to his attorney, James Konchan, advising Konchan of a hearing to be held on a motion filed in the aforementioned domestic relations proceeding. Appellant further alleged that appellee should have informed Konchan to telephone the presiding referee regarding the hearing date, instead of sending a notice by mail. On the date scheduled for the hearing, the parties appeared but the hearing was not held. Apparently, it was continued to a later date. Appellant alleged that as a result of appellee's negligence, he was caused to incur "legal expenses, personal expenses, and loss of personal time." He prayed for damages in the amount of $1,500.

Appellee filed a motion to dismiss wherein she claimed that appellant failed to state a claim, and that the trial court was without subject matter jurisdiction under the doctrine of *lis pendens.*

A hearing was held on the motion, after which the trial court granted it.

Appellant appeals and assigns two errors for our review:

"I. The trial court erred in dismissing the plaintiff-appellant's complaint on the defense of failure to state a claim.

"II. The trial court erred in dismissing the plaintiff-appellant's complaint on the defense of lack of jurisdiction."

In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223].

The obligation of an attorney is to a client and not to a third party. *Savings Bank* v. *Ward* (1879), 100 U.S. 195, 200; *Saby* v. *Thompson, Hine & Flory* (May 17, 1979), Cuyahoga App. No. 38774, unreported. In the case of *W.D.G., Inc.* v. *Mutual Manufacturing & Supply Co.* (1976), 5 O.O. 3d 397, 400, the Court of Appeals for Franklin County stated that:

"As a general rule, an attorney is immune from liability to third persons arising from the performance of the attorney's professional activities as an attorney on behalf of, and with the

knowledge of his client, unless such third person is in privity with the client."

See, also, *Savings Bank* and *Saby, supra.* The reason for this rule was well-stated by the court in *W.D.G., Inc.* at 399-400:

"* * * Some immunity from being sued by third persons must be afforded an attorney so that he may properly represent his client. To allow indiscriminate third-party actions against attorneys of necessity would create a conflict of interest at all times, so that the attorney might well be reluctant to afford proper representation to his client in fear of some third-party action against the attorney himself."

Because there was no privity between appellant and appellee's client, the general rule applies to this case, and appellant failed to state a claim upon which relief could be granted. Cf. *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154, 157-160 (dissenting opinion per Celebrezze, C.J.).

An action for money only is not within the doctrine of *lis pendens. Stone* v. *Equitable Mortgage Co.* (1927), 25 Ohio App. 382. Thus, the court below had jurisdiction over the instant case.

*Judgment affirmed.*

ANN MCMANAMON, J., concurs.

DAY, J., dissents.

DAY, J., dissenting. Respectfully I dissent and add a few words of explanation.

This is a single issue case. That issue is whether the appellant-plaintiff ("plaintiff") has stated a cause of action. If he has, the granting of a motion to dismiss was error and this case must be reversed and remanded for a determination on the merits.

In measuring the merits of the motion to dismiss all facts properly pleaded are taken as true. Therefore, what the evidence may support after trial is of no consequence at this point in the life of the case.

I

The crucial allegations in the complaint are these:

"1. The Defendant, on or about August 3, 1981, sent to Plaintiff's attorney, James Konchan, a leter [*sic*] serving notice of a hearing on a motion filed in Case #D-109538, Cuyahoga County Court of Common Pleas, Domestic Relations Division, the hearing to be held on August 7, 1981, at 9:00 AM before Referee Beverly Moffet.

"2. The Plaintiff, in preparation for the hearing, incurred legal expenses, including attorney fees and deposition costs, and lost personal time detrimental to Plaintiff's private business.

"3. Contrary to Referee Moffet's instructions to have the Defendant contact Plaintiff's attorney and inform him that he should call Referee Moffet, the Defendant instead sent a notice of hearing. The hearing was never placed on the docket, and when the parties appeared Referee Moffet refused to hold the hearing, because the Defendant had not followed her instructions.

"4. Soley [*sic*] as a result of the Defendant's negligence,[1] the Plaintiff incurred legal expenses, personal expenses and loss of personal time."

The allegations' sufficiency must be measured by the standard of the notice pleading applicable in this state. That standard stated positively is whether there is any set of facts the plaintiff can prove in support of his claim as alleged which would entitle him to relief, *Salyers* v. *Burkhart* (1974), 47 Ohio App.2d 90, 91 [1 O.O.3d 198]; cf. *Dioguardi* v. *Durning* (C.A. 2, 1944), 139 F. 2d 774, 775.

The averments of the complaint,

---

[1] At best the "negligence" allegation is a conclusion of law not well pleaded. In any event it does not foreclose the interpretation of the complaint contained in the text.

especially paragraph three, state a claim against the defendant lawyer for malicious abuse of process.[2] Whether the plaintiff can prove his allegations is a separate matter of no concern here. However, it must be clear that a lawyer is not a free shooter. And, although a lawyer commands a wide range of protected combative assets in representing his clients, the conduct protected is not without perimeters.[3] In my view, if the plaintiff can prove what he has alleged, then he will have proved that the protecting boundaries have been breached. I would reverse and remand for trial on the merits.

---

[2] See *Avco Delta Corp.* v. *Walker* (1969), 22 Ohio App. 2d 61, 66 [51 O.O.2d 122] quoting 1 American Jurisprudence 2d (1962) 250, Section 2, with approval:

" '* * * [T]he malicious abuse of process is the employment of a process in a manner not contemplated by law, or to obtain an object which such a process is not intended by law to effect.' "

[3] See *Gottlieb* v. *Edelstein* (1975), 84 Misc. 2d 1053, 375 N.Y. Supp. 2d 532, 533-536; cf. *Ezzo* v. *Ezzo* (1953), 95 Ohio App. 126, 128-130 [53 O.O. 18].