[Cite as *Hines v. Camper*, 2012-Ohio-4110.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY


COREY T. HINES, A MINOR, ET AL.,

    PLAINTIFFS-APPELLANTS,                CASE NO. 2-11-31

    v.

BRANDEN R. CAMPER, ET AL.,           O P I N I O N

    DEFENDANTS-APPELLEES.


**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2011-CV-110**

**Judgment Affirmed**

**Date of Decision:   September 10, 2012**


APPEARANCES:

    *Kevin W. Attkisson*  for Appellants

    *Paul B. Roderer*  for Appellees

**ROGERS, J.**

{¶1} Plaintiffs-Appellants, Corey Hines, a minor, and Gina Hines ("Hines"), appeals the judgment of the Court of Common Pleas of Auglaize County granting summary judgment in favor of Defendant-Appellee, Allstate Insurance Company ("Allstate"), on Hines' uninsured/underinsured motorist claim. On appeal, Hines contends that the trial court erroneously granted summary judgment because the following genuine issues of material fact exist: (1) whether Hines was a participant in the underlying drag race that gave rise to this action; and (2) whether Hines assumed the risk of injury when he entered the automobile involved in the street race. For the reasons that follow, we affirm the trial court's judgment.

{¶2} This matter arose from a drag race in Auglaize County. On May 14, 2010, a group of young men, including Hines, gathered at the house of Nick Forbess. At some point, the group traveled together to a nearby gas station. After getting gas, they decided to head towards Washington Pike where they could race their cars.

{¶3} Branden Camper and Forbess drove the cars involved in the race. Hines was a passenger in Camper's car, which lacked an operative safety belt for the front side passenger. To procure a working safety belt, Hines decided to sit in the back seat, where he buckled in. After the race commenced, Camper lost

control of his automobile. It veered off the road and flipped upside down in a nearby field. Hines suffered several injuries, including lacerations and back and neck injuries.

**{¶4}** At the time of the accident, Camper's parents had an automobile insurance policy with Allstate (the "Policy") that covered the car that Camper was driving. The Policy contained an uninsured/underinsured motorist provision. This provision was subject to a number of exclusions, including the following:

> Allstate will not pay any damages an insured person or an additional insured person is legally entitled to recover because of bodily injury:
> . . .
> 6. arising out of the participation in any prearranged, organized, or spontaneous:
> a. racing contest;
> b. speed contest; or
> c. use of an auto at a track or course designed or used for racing or high performance driving . . . . (Docket No. 52, Policy, p. 13).

After the accident, Hines sought recovery from Allstate under the uninsured/underinsured provision of the Policy. However, Allstate refused to pay Hines' claim, citing the applicability of the above exclusion.

**{¶5}** On May 9, 2011, Hines initiated a personal injury action against Camper, Forbess, and several other defendants. He also brought an uninsured/underinsured action against Allstate for its failure to pay on his claim. Allstate answered and denied coverage.

{¶6} On July 29, 2011, Allstate filed a motion for summary judgment. Allstate advanced two alternative bases for summary judgment: (1) the applicability of the above exclusion; and (2) Hines' purported assumption of the risk of injury. Attached to the motion were several of Hines' written admissions and a copy of his police statement regarding the accident. The written admissions reflect that Hines admitted he was "aware prior to this accident that it was the intention of [Camper] and [Forbess] to race their automobiles." (Docket No. 52, Exhibit A-1, p. 3). Meanwhile, the police statement shows that when the responding officer asked whether his intention was to race when he reached the road, Hines responded in the affirmative. (Docket No. 52, Exhibit A-2, p. 1).

{¶7} After allowing a continuance for Hines to complete additional discovery, the trial court granted Allstate's motion for summary judgment on November 2, 2011. The trial court found that Hines was a participant in the drag race that led to the accident and that he was consequently excluded from the uninsured/underinsured coverage under the Policy. It further found that summary judgment was appropriate due to the assumption of risk doctrine. As a result, the trial court dismissed Hines' complaint against Allstate and certified its order under Civ.R. 54(B). Hines' other claims against the other defendants remain before the trial court for adjudication.

{¶8} Hines filed this timely appeal presenting the following assignment of error.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED IN DETERMINING THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AND THAT APPELLEE IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW.**

{¶9} In his sole assignment of error, Hines asserts that the trial court's summary judgment order was improper because genuine issues of material fact exist. Specifically, Hines claims that there are genuine issues of material fact as to (1) whether he was a participant in the drag race and (2) whether he assumed the risk of injury by entering Camper's automobile knowing that a drag race was going to occur. We disagree.

*Summary Judgment Standard*

{¶10} An appellate court reviews a summary judgment order *de novo*. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175 (8th Dist. 1999). Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distr. Co*., 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25 (3d Dist.), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Ed*., 69 Ohio St.3d

217, 222 (1994). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In conducting this analysis the court must determine "that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, [the nonmoving] party being entitled to have the evidence or stipulation construed most strongly in the [nonmoving] party's favor." Id. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶11} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. *Id*. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. *Id*.; Civ.R. 56(E).

*Insurance Policy Interpretation*

{¶12} This matter revolves around the meaning of "participation" in the Policy. We apply the precepts of contract interpretation when construing

-6-

insurance policies. *See, e.g.*, *Yeager v. Pacific Mut. Life Ins. Co.*, 166 Ohio St. 71 (1956), paragraph two of the syllabus. Insurance coverage is assessed by interpreting the contract "in conformity with the intention of the parties or gathered from the ordinary and commonly understood meaning of the language employed." *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 211 (1988). When the policy is clear and unambiguous, the court "may look no further than the four corners of the insurance policy to find the intent of the parties." (Citation omitted.) *Crow v. Dooley*, 3d Dist. No. 1-11-59, 2012-Ohio-2565, ¶ 8.

{¶13} Courts have developed several rules of interpretation to protect insureds. First, "[w]hen provisions of a contract of insurance are reasonably susceptible to more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." *King* at syllabus. Second, "there is a presumption that all coverage applies unless it is clearly excluded in the contract." *Crow* at ¶ 10. And, third, the insurer must prove the applicability of any policy exclusion. *Beaverdam Contracting, Inc. v. Erie Ins. Co.*, 3d Dist. No. 1-08-17, 2008-Ohio-4953, ¶ 19.

*"Participation" in Allstate's Policy*

{¶14} "Participation" is not a defined term in the Policy. But this fact, standing alone, does not render the term ambiguous. *See Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108 (1995) ("The mere absence

of a definition in an insurance contract does not make the meaning of the term ambiguous."). Participation is neither a term of art nor a word that is amenable to multiple interpretations. Rather, it is a common word and we consequently construe it without resorting to any of the above construction rules benefitting insureds. *Id.* As such, we reject Hines' suggestion that we read R.C. 4511.251's definition of "participant" into the Policy's terms. Instead, we use the ordinary and commonly understood definition of participation, which is the "act or state of participating: as a: the action or state of partaking of something . . . [or] b: the association with others in a relationship or an enterprise." *Webster's Third New International Dictionary* 1646 (2002).

{¶15} Under this definition, the evidence in the record manifestly shows that Hines was participating in the common scheme to drag race. Before the race, he spent time with Forbess and Camper at Forbess' home. Hines then traveled with the group to a gas station and admitted that during this time, the group formed the drag racing idea. Further, he willingly got into Camper's automobile intending to be part of a drag race. This all shows the existence of a joint enterprise in which Hines was a willing participant.

{¶16} Hines suggests that there is a triable issue as to whether he was a participant under the policy because he did not drive a car during the drag race. But, under its common and ordinary meaning, participation encompasses more

conduct than driving. Here, by forming the plan to drag race and then willingly getting into an automobile that he knew would be involved in the race, Hines was a participant.

{¶17} In light of Hines' failure to present additional evidence besides the fact that he was not the driver, Hines is unable to show the existence of a triable issue of fact regarding his status as a participant in the drag race. Consequently, the trial court properly granted summary judgment to Allstate on the basis of the Policy's exclusion for participation in car races.

*Assumption of Risk*

{¶18} Our resolution of the policy exclusion's applicability renders it unnecessary to address the trial court's ruling regarding the operation of assumption of risk doctrine in this matter. Consequently, we decline to address the assumption of risk prong of the ruling. *See* App.R. 12(A)(2).

{¶19} Accordingly, we overrule Hines' sole assignment of error.

{¶20} Having found no error prejudicial to Plaintiffs-Appellants, Corey Hines, a Minor and Gina Hines, in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**