[Cite as *Bates Recycling v. Conaway*, 2018-Ohio-5056.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

BATES RECYCLING, INC.,

    PLAINTIFF - APPELLANT,

    CASE NO. 1-18-41

    v.

KYLE CONAWAY, ET AL.,

    O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Allen County Common Pleas Court
Trial Court No. CV2014 0718

**Judgment Affirmed**

**Date of Decision:  December 17, 2018**

APPEARANCES:

    *John C. Filkins* **for Appellant**

    *Thomas A. Gibson* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant Bates Recycling, Inc. ("Bates Recycling") appeals the judgment of the Allen County Court of Common Pleas for denying its motion for summary judgment. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On November 17, 2014, Bates Recycling filed a complaint against Kyle L. Conaway ("Conaway") and Lee's Hydraulic & Pneumatic Service, LLC ("Lee's Hydraulics"), which is operated by Conaway. Doc. 1, 12. According to the complaint, Bates Recycling had delivered two hydraulic cylinders to Conaway for the purpose of obtaining a repair estimate. Doc. 1. Subsequently, Bates Recycling rejected Conaway's repair estimate; contacted Conaway to schedule a time to retrieve their hydraulic cylinders; and discovered that Conaway had scrapped the hydraulic cylinders. Doc. 1. The complaint presented claims against the defendants for conversion and unjust enrichment. Doc. 1.

{¶3} During the pendency of this litigation, Lee's Hydraulics was located at a property that was owned by JAMAS Land, LLC ("JAMAS"). Doc. 101. JAMAS was not an affiliate of Lee's Hydraulics. Doc. 68. In early 2016, Lee's Hydraulics owed JAMAS approximately $6,000.00 in overdue rent. Doc. 101. To resolve this back rent, Lee's Hydraulics returned the keys to the premises to JAMAS but did not remove all of its equipment. Doc. 101.

{¶4} On April 25, 2016, Lee's Hydraulics tendered a bill of sale to JAMAS for the equipment left on the premises. Doc. 68, 101. In exchange for these assets, JAMAS gave Lee's Hydraulics $25,000.00 in cash and forgave the $6,000.00 in past due rent. Doc. 68, 94 at 37, 101. The bill of sale did not reference the pending litigation between Lee's Hydraulics and Bates Recycling, nor did it include the sale of any hydraulic cylinders. Doc. 101. On September 23, 2016, JAMAS arranged for the Beth Rose Auction Company ("Beth Rose") to sell the equipment JAMAS obtained from Lee's Hydraulics. Doc. 67, 97.

{¶5} After a bench trial on September 19, 2016, the trial court entered a judgment in favor of Bates Recycling. Doc. 41. The trial court held Conaway and Lee's Hydraulics jointly and severally liable for $50,000.00 in compensatory damages and $50,000.00 in punitive damages. Doc. 41. On November 8, 2016, Bates Recycling filed a motion in the trial court asserting a lien on the assets owned by Lee's Hydraulics. Doc. 45. This motion was accompanied by documents that showed that Beth Rose was going to auction, on November 13, 2016, some equipment that had belonged to Lee's Hydraulics.[1] Doc. 45.

{¶6} In addition to requesting a lien, Bates Recycling also requested an order prohibiting dispersal of the proceeds of this auction. Doc. 45. The trial court

---

[1] At the time this motion was filed, Bates Recycling was under the impression that the assets still belonged to Lee's Hydraulics and was unaware of the transaction that transferred ownership of these assets to JAMAS. Thus, the motion erroneously identified these assets as the property of Lee's Hydraulics and requested a lien on the assets that were listed for auction. Doc. 45.

granted a lien on the assets owned by Lee's Hydraulics and issued an order prohibiting the dispersal of the proceeds of the auction. Doc. 47. In response, Beth Rose submitted an affidavit that stated it had never entered into a contract with Lee's Hydraulics for the sale of property. Doc. 67. Beth Rose further stated that the auction facilitated the sale of personal property that belonged to JAMAS. Doc. 67.

**{¶7}** On February 24, 2017, Bates Recycling filed a motion to set aside the transfer of the equipment from Lee's Hydraulics to JAMAS, alleging that this transfer was fraudulent. Doc. 64. Bates Recycling also submitted a motion that requested leave to name JAMAS as a third party defendant. Doc. 65. On April 17, 2017, JAMAS and Bates Recycling entered into a consent agreement in which Beth Rose agreed to put the $29,496.12 obtained through the auction into a trust account. Doc. 72. JAMAS was also added as a third party defendant to this suit. Doc. 72.

**{¶8}** On May 4, 2017, Bates Recycling filed a complaint against Conaway, Lee's Hydraulics, and JAMAS. Doc. 98. This complaint alleged that the transfer of assets from Lee's Hydraulics to JAMAS was a fraudulent conveyance and requested that this transfer be set aside. Doc. 98. On June 15, 2018, Bates Recycling and JAMAS each filed a motion for summary judgment. Doc. 96, 97. On July 11, 2018, the trial court denied Bates Recycling's motion for summary judgment and granted JAMAS's motion for summary judgment. Doc. 101.

*Assignment of Error*

**{¶9}** Bates Recycling filed its notice of appeal on August 3, 2018.  Doc. 104.

On appeal, appellant raises the following assignment of error:

> **The trial court erred when it denied appellant's motion for summary judgment for appellant established that appellee purchased all of the remaining assets of the defendants while litigation was pending against the defendants and as such the conveyance was fraudulent.**

Bates Recycling asserts that the trial court erred in determining that JAMAS was a good faith purchaser and that the transfer of assets from Lee's Hydraulics to JAMAS was not a fraudulent conveyance.[2]  Bates Recycling further argues that the doctrine of lis pendens applies to this action.

*Legal Standard*

**{¶10}** Appellate courts consider a summary judgment order under a de novo standard of review.  *James B. Nutter & Co. v. Estate of Neifer*, 3d Dist. Hancock No. 5-16-20, 2016-Ohio-7641, ¶ 5.  Under the Ohio Rules of Civil Procedure,

> **[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law * * *.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the**

---

[2] In its assignment of error, Bates Recycling does not appeal the trial court's decision to grant JAMAS's motion for summary judgment.  However, since the two motions were mutually exclusive, we will review the trial court order that granted JAMAS's motion for summary judgment together with the denial of Bates Recycling's motion for summary judgment.

> **party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.**

Civ.R. 56(C). "The party moving for summary judgment has the initial burden 'to inform the trial court of the basis for the motion, identifying the portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact.'" *Middleton v. Holbrook*, 3d Dist. Marion No. 9-15-47, 2016-Ohio-3387, ¶ 8, quoting *Reinbolt v. Gloor*, 146 Ohio App.3d 661, 664, 767 N.E.2d 1197 (3d Dist.2001).

{¶11} "The burden then shifts to the party opposing the summary judgment." *Id*. "In order to defeat summary judgment, the nonmoving party may not rely on mere denials but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, quoting Civ.R. 56(E). "[B]ecause summary judgment is a procedural device to terminate litigation, it must be awarded with caution." *Williams v. ALPLA, Inc.*, 2017-Ohio-4217, 92 N.E.3d 256 (3d Dist.), quoting *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992). "The court must thus construe all evidence and resolve all doubts in favor of the non-moving party * * *." *Webster v. Shaw*, 63 N.E.3d 677, 2016-Ohio-1484, ¶8 (3d Dist.).

{¶12} Several sections of the Ohio Uniform Fraudulent Transfer Act ("OUFTA") govern the issues in this case. R.C. Chapter 1336. R.C. 1336.04(A) defines a fraudulent conveyance as follows:

**(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before, or within a reasonable time not to exceed four years after, the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:**

**(1) With actual intent to hinder, delay, or defraud any creditor of the debtor;**

**(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:**

**(a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;**

**(b) The debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.**

R.C. 1336.04(A). For the purpose of determining whether actual intent exists under R.C. 1336.04(A)(1), "R.C. 1336.04(B) lists several statutory factors, or the so-called 'badges of fraud,' that a court considers to determine if an inference of fraud exists." *Baker & Sons Equip. Co. v. GSO Equip. Leasing, Inc.*, 87 Ohio App.3d 644, 650, 622 N.E.2d 1113 (10th Dist.). Under R.C. 1336.04(B) courts may consider the following factors in addition to any other relevant factors:

**(1) Whether the transfer or obligation was to an insider;**

**(2) Whether the debtor retained possession or control of the property transferred after the transfer;**

**(3) Whether the transfer or obligation was disclosed or concealed;**

**(4) Whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit;**

**(5) Whether the transfer was of substantially all of the assets of the debtor;**

**(6) Whether the debtor absconded;**

**(7) Whether the debtor removed or concealed assets;**

**(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;**

**(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;**

**(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred;**

**(11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.**

R.C. 1336.04(B). "If the party alleging fraud is able to demonstrate a sufficient number of badges, the burden of proof then shifts to defendant to prove that the transfer was not fraudulent." *Baker & Sons Equip. Co*. at 650-651.

{¶**13**} R.C. 1336.08(A) provides a defense for good faith purchasers against liability for a fraudulent conveyance and reads as follows:

**(A) A transfer or an obligation is not fraudulent under division (A)(1) of section 1336.04 of the Revised Code against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee.**

Thus, under R.C. 1336.08(A), "a party that demonstrates that it participated in the transfer in good faith and paid reasonably equivalent value rebuts the presumption of fraud created by the badges of fraud." *Individual Business Servs. v. Carmack*, 2d Dist. Montgomery No. 25286, 2013-Ohio-4819, ¶ 27. R.C. 1336.04(A). *See Thomas v. Othman,* 2017-Ohio-8449, 99 N.E.3d 1189, ¶ 24 (1st Dist.); *Blood v. Nofzinger,* 162 Ohio App.3d 545, 2005-Ohio-3859, 834 N.E.2d 358 (6th Dist.); *Witschey, Witschey & Firestine Co., L.P.A. v. Daniele*, 9th Dist. Summit No. 26811, 2013-Ohio-5724, ¶ 8; *Baker & Sons Equip. Co*. at 651.

*Legal Analysis*

**{¶14}** In its motion for summary judgment, Bates Recycling alleged that the transfer of assets from Conaway and Lee's Hydraulics to JAMAS was a fraudulent conveyance under R.C. 1336.04(A)(1). Doc. 96. To substantiate this claim, Bates Recycling pointed to several "badges of fraud" under R.C. 1336.04(B) that indicated that Lee's Hydraulics and Conaway may have possessed the "actual intent" to defraud a creditor. Doc. 96. These allegations establish that Conaway and Lee's Hydraulics may have transferred assets with the actual intent to defraud. Doc. 96. However, these allegations are not sufficient to hold JAMAS liable under R.C. 1336.08(A). R.C. 1336.08(A) exempts a third party from liability if the third party acted in good faith and tendered a "reasonably equivalent value" for the assets. Thus, for JAMAS to be liable, Bates Recycling had to demonstrate that JAMAS acted in bad faith or that JAMAS did not tender a reasonably equivalent value for

Case No. 1-18-41

the assets. R.C. 1336.08(A). Bates Recycling did not allege any such facts. Doc. 96.

{¶15} In the alternative, Bates Recycling argued in its motion for summary judgment that the doctrine of lis pendens applied to this case.[3] R.C. 2703.26 codified the doctrine of lis pendens and reads as follows:

> **When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons *in the subject of the action*, as against the plaintiff's title.**

(Emphasis added.) R.C. 2703.26. Further, the Supreme Court of Ohio has held that all of the following elements must be present for lis pendens to be held applicable:

> **(1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or res involved must be sufficiently described in the pleadings. It may be added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit.**

*Beneficial Ohio, Inc. v. Ellis*, 121 Ohio St.3d 89, 2009-Ohio-311, 902 N.E.2d 452, ¶ 14, quoting *Cook v. Mozer*, 108 Ohio St. 30, 36-37, 140 N.E. 590 (1923), quoting 25 Cyc. 1450.

{¶16} In order for lis pendens to apply, "[c]ourts have held that the property described in the complaint must be directly affected by the judgment in the pending suit." *Katz v. Banning*, 84 Ohio App.3d 543, 548, 617 N.E.2d 729 (10th Dist. 1992),

---

[3] Bates Recycling stated in its motion for summary judgment that the application of the doctrine of lis pendens was "unnecessary in order to prevail on its motion for summary judgment." Doc. 96. Thus, Bates Recycling presented this separate assertion as an alternative argument.

citing *Levin v. George Fraam & Sons, Inc.*, 65 Ohio App.3d 841, 842, 585 N.E.2d 527, 528 (9th Dist. 1990); *Stone v. Equitable Mortg. Co.*, 25 Ohio App. 382, 388, 158 N.E. 275, 276 (9th Dist. 1927). "Consequently, the property described 'must be at the very essence of the controversy between the litigants.'" *Katz* at 548, quoting *Levin* at 846. "[I]f the object of the action is merely to recover a money judgment, there can be no lis pendens, though the cause of action may arise out of property specified in the petition or complaint * * *." *Katz* at 549, quoting *Stone* at 388.

{¶17} In this case, the complaint filed by Bates Recycling did not mention or describe the equipment transferred from Lee's Hydraulics to JAMAS. Doc. 1. *See Beneficial Ohio, Inc., supra*, at ¶ 14. Rather, the complaint filed by Bates Recycling sought damages for the loss of two hydraulic cylinders. Doc. 1. "The doctrine of lis pendens is not applicable in a suit for money damages only." *Aveyard v. Shelron Enterprises, Inc.*, 2d Dist. Montgomery No. 83-2499, 1985 WL 6675 (Jan. 11, 1985), citing *Stone, supra*, at 388. *Bradford v. Reid*, 126 Ohio App.3d 448, 452, 710 N.E.2d 761 (1st Dist. 1998); *Pournaras v. Hopkins*, 11 Ohio App.3d 51, 52, 463 N.E.2d 67 (8th Dist. 1983); *Katz, supra*, at 549. Further, the equipment was not the "essence of the controversy." *Levin* at 846. The equipment "was merely a potential source of revenue from which appellant could be compensated upon prevailing in the underlying action." *ProMedica Fed. Credit Union v. Waldrop*, 6th

Dist. Lucas No. L-13-1075, 2014-Ohio-965, ¶ 26. For these reasons, we find that the doctrine of lis pendens does not apply to this case.

**{¶18}** In its response to Bates Recycling's motion for summary judgment, JAMAS raised the R.C. 1336.08(A) defense and argued that the doctrine of lis pendens did not apply to the facts of this case. JAMAS then submitted a motion for summary judgment that included documents and depositions in support of its R.C. 1336.08(A) defense. Doc. 97, 98. In one of the depositions, James E. Jones ("Jones")—the partner in JAMAS who oversaw the purchase of the assets from Lee's Hydraulics—stated that JAMAS was unaware of any pending litigation until after the sale was completed; that JAMAS had done a lien search on the assets; and that the lien search did not reveal any conflicting claims. Doc. 94 at 34-35, 45.

**{¶19}** Further, Jones testified that JAMAS gave Lee's Hydraulics consideration worth $31,000.00 in exchange for the transferred assets.[4] Doc. 94 at 37. The gross proceeds from the auction of the assets totaled $38,271.00. Doc. 97. After expenses and fees were paid to Beth Rose, JAMAS received a total of $29,496.12 from the auction. Doc. 97. Based on these documents, the trial court determined that JAMAS was a good faith purchaser and had tendered to Lee's Hydraulics a "reasonably equivalent value" for the transferred assets. R.C.

---

[4] Jones testified that JAMAS tendered two checks that totaled $25,000.00 to Conaway and Lee's Hydraulics. JAMAS submitted copies of these two returned checks. Doc. 97. Jones also testified that part of the purchase agreement included forgiveness for the $6,000.00 in overdue rent. Doc. 94 at 37-38. Thus, the total consideration was $31,000.00.

1336.08(A). Doc. 97. The content of JAMAS's motion for summary judgment was sufficient to shift the burden to Bates Recycling to show that a genuine issue of material fact existed for trial to Bates Recycling.

{¶20} In its response to JAMAS's motion for summary judgment, Bates Recycling argued that the doctrine of lis pendens gave JAMAS notice of the pending action. However, as we have already demonstrated, the doctrine of lis pendens does not apply to the facts of this case. Thus, Bates Recycling did not take the necessary steps to defeat JAMAS's motion for summary judgment. After viewing all of the evidence in a light most favorable to the non-moving party, we find that the trial court did not err in denying Bates Recycling's motion for summary judgment or in granting JAMAS's motion for summary judgment. For these reasons, Bates Recycling's first assignment of error is overruled.

*Conclusion*

{¶21} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Allen County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and PRESTON, J.J., concur.**

**/hls**