[Cite as *Kent v. Motorist Mut. Ins. Co.*, 2022-Ohio-1136.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

JANICE E. KENT,

    PLAINTIFF-APPELLANT,

    v.

MOTORISTS MUTUAL
INSURANCE COMPANY,

    DEFENDANT-APPELLEE.

CASE NO. 8-21-44

O P I N I O N

Appeal from Logan County Common Pleas Court
General Division
Trial Court No. CV 21 05 0087

**Judgment Affirmed**

**Date of Decision:  April 4, 2022**

APPEARANCES:

    *Peter D. Janos* **for Appellant**

    *Bruce A. Curry* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry. Plaintiff-appellant Janice E. Kent ("Janice") appeals the judgment of the Logan County Court of Common Pleas, arguing that the trial court erred by granting summary judgment in favor of the defendant-appellee Motorists Mutual Insurance Company ("MMIC") and by denying her partial motion for summary judgment. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On April 10, 2017, Janice and her husband, Richard L. Kent ("Richard") (collectively "the Kents"), were involved in an accident with another vehicle. Doc. 23, 26. This accident was caused by the negligence of the driver of the other vehicle, Dwight Saylor ("Saylor"). Doc. 26. Saylor's insurance "policy had liability insurance limits of $25,000.00 per person and $50,000.00 per accident." Doc. 26. Saylor's insurer paid Janice $25,000.00 and Richard $25,000.00. Doc. 23, 26.

{¶3} The Kents had an insurance policy with MMIC at the time of the car accident that "has Combined a Single Limit of $50,000.00 for Underinsured Motorists Coverage * * *." Doc. 26. In 2019, the Kents commenced Case No. 19-CV-002097 against MMIC in Franklin County and argued that they were each entitled to an additional $25,000.00 from MMIC under the underinsured motorists

("UIM") endorsement of their policy. Doc. 1, 23. On May 8, 2020, Case No. 19-CV-002097 was voluntarily dismissed. Doc. 1.

{¶4} On May 5, 2021, the Kents refiled this action against MMIC in Logan County. Doc. 1. Subsequently, Richard voluntarily dismissed his claims. Doc. 23, 24. However, Janice argues "that she is entitled to recover up to an additional $25,000.00" under the UIM endorsement in her policy. Doc. 23. On August 31, 2021, Janice filed a motion for partial summary judgment. Doc. 30. Janice argued that she only received $25,000.00 from Saylor's insurer and that MMIC owed her an additional $25,000.00 because the limit of liability was $50,000.00 under the UIM endorsement. Doc. 30.

{¶5} On September 9, 2021, MMIC filed a motion for summary judgment. Doc. 32. MMIC argued that, if the UIM endorsement were applicable, the limit of liability for Richard *and* Janice would be $50,000.00; that Richard and Janice each received $25,000.00 from Saylor's insurer for a total of $50,000.00; and that, pursuant to the Kents' MMIC policy, the $50,000.00 available under the UIM endorsement would have to be offset by the $50,000.00 the Kents received from Saylor's insurer. Doc. 32. Thus, MMIC argued that no funds were available to the Kents under the UIM endorsement. Doc. 32. On November 2, 2021, the trial court granted MMIC's motion for summary judgment but denied Janice's motion for partial summary judgment. Doc. 37.

Case No. 8-21-44

*Assignment of Error*

**{¶6}** Janice filed her notice of appeal on November 30, 2021. Doc. 39. On appeal, she raises the following assignment of error:

> **The trial court erred in granting Motorists summary judgment and denying Kent partial summary judgment because, contrary to the court's conclusion, while Ohio Revised Code 3937.18 allows an insurer to reduce the limit of underinsured motorist coverage to its insured by the amount available from the tortfeasor's policy, the statute does not preclude an alternative outcome where the language of the policy or a self-created ambiguity contained in the insured's policy can reasonably be interpreted to provide coverage to the insured.**

*Legal Standard*

**{¶7}** "Appellate courts consider a summary judgment order under a de novo standard of review." *Schmidt Machine Company v. Swetland*, 3d Dist. Wyandot No. 16-20-07, 2021-Ohio-1236, ¶ 23, citing *James B. Nutter & Co. v. Estate of Neifer*, 3d Dist. Hancock No. 5-16-20, 2016-Ohio-7641, ¶ 5. Under Civ.R. 56,

> **[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law * * *. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.**

Civ.R. 56(C). Accordingly, summary judgment is to be granted

-4-

**only when it is clear '(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.'**

*Beair v. Management & Training Corp.*, 3d Dist. Marion No. 9-21-07, 2021-Ohio-4110, ¶ 15, quoting *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47 (1978).

**{¶8}** Initially, "[t]he party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 370, 1998-Ohio-389, 696 N.E.2d 201, 204 (1998). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Neal v. Treglia*, 2019-Ohio-3609, 144 N.E.3d 1045, ¶ 12 (3d Dist.), quoting *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13.

**{¶9}** If the moving party carries this initial burden, "[t]he burden then shifts to the party opposing the summary judgment." *Bates Recycling, Inc. v. Conaway*, 2018-Ohio-5056, 126 N.E.3d 341, ¶ 11 (3d Dist.), quoting *Middleton v. Holbrook*, 3d Dist. Marion No. 9-15-47, 2016-Ohio-3387, ¶ 8. "In order to defeat summary judgment, the nonmoving party may not rely on mere denials but 'must set forth

specific facts showing that there is a genuine issue for trial.'" *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, quoting Civ.R. 56(E).

{¶10} "[B]ecause summary judgment is a procedural device to terminate litigation, it must be awarded with caution." *Williams v. ALPLA*, *Inc*., 2017-Ohio-4217, 92 N.E.3d 256, ¶ 6 (3d Dist.), quoting *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138 (1992). "The court must thus construe all evidence and resolve all doubts in favor of the non-moving party * * *." *Webster v. Shaw*, 2016-Ohio-1484, 63 N.E.3d 677, ¶ 8 (3d Dist.).

{¶11} "An insurance policy is a contract * * *." *Sarmiento v. Grange Mut. Cas. Co*., 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692, ¶ 8.

> **When confronted with an issue of contract interpretation, our role is to give effect to the intent of the parties. We will examine the contract as a whole and presume that the intent of the parties is reflected in the language of the contract. In addition, we will look to the plain and ordinary meaning of the language used in the contract unless another meaning is clearly apparent from the contents of the agreement. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. 'As a matter of law, a contract is unambiguous if it can be given a definite legal meaning.' *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 11.**

*Garlock v. Silver Dollar Camp*, 2021-Ohio-1690, 173 N.E.3d 88, ¶ 12 (3d Dist.), quoting *Sunoco, Inc. (R & M) v. Toledo Edison Co*., 129 Ohio St.3d 397, 2011-Ohio-2720, 953 N.E.2d 285, ¶ 37. However,

> **Courts have developed several rules of interpretation to protect insureds. First, '[w]hen provisions of a contract of insurance are**

> **reasonably susceptible to more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.'** ***King*** **[*v. Nationwide Ins. Co.,* 35 Ohio St.3d 208, 519 N.E.2d (1988)] at syllabus. Second, 'there is a presumption that all coverage applies unless it is clearly excluded in the contract.'** ***Crow*** **[*v. Dooley*, 3d Dist. No. 1-11-59, 2012-Ohio-2565,] at ¶ 10. And, third, the insurer must prove the applicability of any policy exclusion.** ***Beaverdam Contracting, Inc. v. Erie Ins. Co.***, **3d Dist. No. 1-08-17, 2008-Ohio-4953, ¶ 19.**

*Hines v. Camper*, 3d Dist. Auglaize No. 2-11-31, 2012-Ohio-4110, ¶ 13.

*Legal Analysis*

**{¶12}** At issue in this case is the application of the UIM endorsement in the Kents' insurance policy with MMIC. The UIM endorsement begins describing the coverage available under this policy as follows:

> **INSURING AGREEMENT**
>
> **A. We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of:**
>
> **1. An uninsured motor vehicle as defined in Sections 1., 2., and 4. of the definition of an uninsured motor vehicle because of bodily injury:**
>
> **a. Sustained by an insured;**
>
> **b. Caused by an accident.**

Doc. 23, Ex. B. The UIM endorsement then defines "an insured" as follows:

> **B. Insured as used in this endorsement means:**
>
> **1. You or any family member.**

Doc. 23, Ex. B. Janice and Richard are *both* insureds under the UIM endorsement as Richard is the "named insured" in the MMIC policy and Janice is the spouse of the "named insured." Doc. 23, Ex. B. The following provision establishes the amount of coverage that is available to insureds under the UIM endorsement:

**LIMIT OF LIABILITY**

**A. The Limit of Liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any *one accident*. This is the most we will pay *regardless of the number of*:**

**1. *Insureds*;**

**2. Claims made;**

**3. Vehicles or premiums shown in the Declarations; or**

**4. Vehicles involved in the accident.**

(Emphasis added.) Doc. 23, Ex. B. The parties stipulated that the Kents' MMIC policy "has a Combined Single Limit of $50,000.00 for Underinsured Motorists Coverage." Doc. 26. Further, this language makes clear that Janice and Richard were not individually entitled to $50,000.00 each in coverage for this accident under the UIM endorsement. Rather, as the trial court determined in its judgment entry, the UIM endorsement, if applicable, offered "a single policy limit of $50,000 *per accident*." (Emphasis added.) Doc. 37.

{¶13} Next, Sections 1, 2, and 4 of the UIM endorsement define an uninsured motor vehicle as "a land or motor vehicle"

**1. To which no bodily injury liability bond or policy applies at the time of the accident.**

**2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be either:**

**a. Less than the limit of liability for this coverage; or**

**b. Reduced by payments to others injured in the accident to an amount which is less than the limit of liability for this coverage.**

**\* \* \***

**4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:**

**a. Denies coverage; or**

**b. Is or becomes insolvent.**

Doc. 23, Ex. B. The parties stipulated that Saylor's negligence caused the accident; that he was insured at the time of the accident; and that Saylor's insurer issued payments to the Kents. Doc. 23. Thus, the definitions in Sections 1 and 4 are not applicable in this situation. But the limit of liability provision states the following about the definition set forth in Section 2:

**B. With respect to coverage under Section 2. of the definition of uninsured motor vehicle, *the limit of liability shall be reduced by all sums paid because of bodily injury by or on behalf of persons or organizations who may be legally responsible*. This includes all sums paid under Part A of this policy.**

(Emphasis added.) Doc. 23, Ex. B. The parties stipulated that Saylor's insurance "policy had liability insurance limits of $25,000.00 per person and $50,000.00 per

accident." Doc. 26. The parties also stipulated that these "policy limits were * * * exhausted when * * * [Saylor's insurer] ma[de] a payment of $25,000.00 to Plaintiff Richard L. Kent and $25,000.00 to Janice E. Kent." Doc. 26.

{¶14} Having reviewed the UIM endorsement, we conclude that the relevant language in this provision is not ambiguous given the facts of this case. Saylor's insurer paid $50,000.00 to the Kents on behalf of the person who was legally responsible for the accident. Doc. 26. Section A of the Limit of Liability provision indicates that $50,000.00 is the maximum amount offered in UIM coverage "regardless of the number of * * * [i]nsureds." Doc. 23, Ex. B. In turn, Section B of the Limit of Liability provision states that the maximum $50,000.00 amount available under the UIM endorsement "shall be reduced" by the $50,000.00 sums paid by Saylor's insurer to the Kents. Doc. 23, Ex. B. Since the sums paid to the Kents were the equivalent of the $50,000.00 limit of liability set forth in the UIM endorsement for this accident, MMIC had no liability under the plain language of the UIM endorsement.

{¶15} In conclusion, the UIM endorsement guaranteed that the Kents would receive liability coverage of up to $50,000.00 in the event of a car accident, and the Kents received $50,000.00 in this case after a car accident. Thus, the trial court correctly interpreted and applied this UIM endorsement when it determined that Janice was "not entitled to underinsured benefits under the * * * [MMIC] Policy" because the Kents received an amount from Saylor's insurer that was "equal to the

amount available from the * * * [MMIC] Policy * * *." Doc. 37. For this reason, the trial court did not err in granting MMIC's motion for summary judgment and denying Janice's motion for partial summary judgment. Accordingly, Janice's sole assignment of error is overruled.

*Conclusion*

{¶16} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/hls**